Ricky V. Fuller and M M Trucking Company, Inc. ("M M Trucking"), petition this Court for a writ of mandamus ordering the trial court to vacate its order denying their motion to transfer the underlying case from Macon County to Lee County and to enter an order transferring the case. We grant the petition.
 I. Facts and Procedural Posture
In December 2004, Susan M. Crain was injured when her car collided with a dump truck in an intersection in Lee County. Susan and her husband, Kurt Crain, sued the driver of the dump truck, Fuller, and his employer, M M Trucking, in the Macon Circuit Court. Fuller and M M Trucking moved to transfer the case to the Lee Circuit Court pursuant to Ala. Code 1975, § 6-3-21.1, the forum non conveniens statute, which reads as follows:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. . . .
 "(b) The right of a party to move for a change or transfer of venue pursuant to this statute is cumulative and in addition to the rights of a party to move for a change or transfer of venue pursuant to Section 6-3-20, Section 6-3-21 or Alabama Rules of Civil Procedure."
In support of their motion, Fuller and M M Trucking noted that the Crains, M M Trucking, most of the witnesses, all of the evidence in its various forms, and the accident site are in Lee County. Fuller also works in Lee County, although he resides in Macon County. The Macon Circuit Court denied the motion to transfer, and Fuller and M M Trucking filed this petition for the writ of mandamus. We grant the petition.
 II. Standard of Review
"A writ of mandamus is a
 "`drastic and extraordinary writ, that will issue only where there is: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.'"
Ex parte Wood, 852 So.2d 705, 708 (Ala. 2002) (quotingEx parte United Serv. Stations, Inc., 628 So.2d 501,503 (Ala. 1993)). Mandamus is the appropriate device by which to challenge a trial court's decision on a motion for a change of venue. Ex parte Sawyer, 892 So.2d 919 (Ala. 2004). Furthermore, "[t]his Court reviews mandamus petitions seeking review of a venue determination by asking whether the trial court exceeded its discretion in granting or denying the motion for a change of venue." Ex parte Perfection Siding,Inc., 882 So.2d 307, 310 (Ala. 2003) (citing Ex parteScott Bridge Co., 834 So.2d 79, 81 (Ala. 2002)). "Also, in considering such a mandamus petition, this Court is limited to those facts that were before the trial court." Ex partePerfection Siding, Inc., 882 So.2d at 310 (citing Exparte Pike Fabrication, Inc., 859 So.2d 1089, 1091
(Ala. 2002)).
 III. Analysis
Fuller and M M Trucking have properly invoked the jurisdiction of this Court, and they have no other adequate legal remedy to protect them from the potential consequence of an inconvenient forum or the injustice that could result from denial of the petition for a writ of mandamus in this case. Accordingly, we must determine whether Fuller and M *Page 416 
M Trucking have a clear legal right to the order sought.
Section 6-3-21.1(a), Ala. Code 1975, provides:
 "[A]ny court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed. . . ."
(Emphasis added.) Under Ala. Code 1975, §§ 6-3-2 and-7, venue is appropriate in either Macon County or Lee County; therefore, Fuller and M M Trucking must demonstrate either that Lee County is a more convenient forum than Macon County or that having the case heard in Lee County would more serve the interest of justice before this Court will issue the writ of mandamus. They argue in their petition that both conditions are met in this case. In order for the writ to issue, Fuller and M M Trucking need establish only that the Macon Circuit Court exceeded its discretion in deciding either that Lee County was not a more convenient forum or that the interest of justice would be better served if venue remained in Macon County. Thus the issue before this Court is whether the Macon Circuit Court exceeded its discretion in refusing to transfer the case to Lee County when the only connection the case has to Macon County is the residence of one of the defendants and when the substantial evidence supporting the transfer to the allegedly more convenient forum has been unopposed.
This Court has held that litigation should be handled in the forum where the injury occurred. Ex parte Sawyer,892 So.2d 898, 904 (Ala. 2004) (citing Ex parte Mitchell,690 So.2d 356, 359 (Ala. 1997)). Furthermore, "[t]he defendant must show that his inconvenience and expense in defending the action in the selected forum outweigh the plaintiff's right to choose the forum; that is, the defendant must suggest transfer to a county that is `significantly more convenient' than the county in which the action was filed." Ex parte PerfectionSiding, 882 So.2d at 312. See also Ex parteTownsend, 589 So.2d 711, 715 (Ala. 1991), and Ex partePearson Mgmt. Co., 667 So.2d 48, 49 (Ala. 1995).
In Ex parte First Family Financial Services, Inc.,718 So.2d 658 (Ala. 1998), this Court addressed the plaintiff's attempts to file a complaint in a county outside her home county. This Court noted the facts that, in the interest of justice, justified the issuance of the writ compelling the trial court to transfer the matter to the plaintiff's home county, which was also the county where the complained-of actions occurred:
 "First Family maintained no office, and kept no documents, in Marengo County. Ramsey did not live in Marengo County. No meetings between First Family and Ramsey had occurred in Marengo County. In fact, all meetings between Ramsey and employees of First Family had occurred in Dallas County, in which First Family's office is located and where First Family desires to have the case transferred."
718 So.2d at 662. This Court also stated in Ex parte FirstFamily:
 "Although we recognize that a plaintiff should be given great latitude in choosing a forum, we also recognize that one of the reasons the Unified Judicial System was established, and one of the reasons the Legislature adopted § 6-3-21.1, was to promote `justice.' We believe it clear, under the facts of this case, that `the interest of justice' requires that it be transferred."
718 So.2d at 662.
In Ex parte Independent Life Accident InsuranceCo., 725 So.2d 955 (Ala. 1998), *Page 417 
this Court required the transfer of a breach-of-contract and fraud action from Lowndes County to Montgomery County based upon these facts:
 "In this present case, all of the transactions at issue took place in Montgomery County; the plaintiffs live in Montgomery County; the three agents all work out of Independent Life's Montgomery office; and, based on what is before us, it appears that the one agent who lives in Lowndes County did not sell any of the policies at issue, and, at most, played a minor role in the events giving rise to this action. Furthermore, it appears that each of that defendant's conversations with the plaintiffs took place at their house in Montgomery County, not in Lowndes County. From what is before this Court, therefore, it appears that this case has no nexus with Lowndes County that would justify burdening that county with the trial of this case."
725 So.2d at 957.
The Crains seem to place much weight on the distance that parties and witnesses would have to travel and the geographical proximity of the counties and not on other considerations. This Court has held that distances to courthouses and proximity of witnesses and parties to the forum venue are not the definitive considerations for the trial court in addressing a venue motion under the forum non conveniens statute. Ex parteEmployers Modern Life Co., 772 So.2d 433, 436 (Ala. 2000) ("Furthermore, the geographical proximity of Jefferson and Walker Counties does not affect our determination that the `interest of justice' requires a transfer."); and Ex parteFirst Family Fin. Servs., Inc., 718 So.2d at 662.
In Ex parte National Security Insurance Co.,727 So.2d 788 (Ala. 1998), this Court issued a writ of mandamus directing the trial court to transfer an action from Lowndes County to Elmore County based on the following facts: When the action was filed, the defendant "maintained no office, and kept no documents, in Lowndes County"; the plaintiff "did not live in Lowndes County"; "[n]o meetings between [the defendant] and [the plaintiff] occurred in Lowndes County"; "all meetings between [the plaintiff] and employees of [the defendant] occurred in Elmore County"; the defendant's office was located in Elmore County; the plaintiff "was treated in Elmore County for her alleged mental anguish"; all of the plaintiff's witnesses lived in Elmore County; and none of the witnesses for either party lived in Lowndes County. 727 So.2d at 790. This Court concluded: "Under these circumstances, the `interest of justice' requires the transfer of the action from a county with little, if any, connection to the action, Lowndes County, to the county with a strong connection to the action, Elmore County."727 So.2d at 790. Distance alone does not trump all other considerations in deciding whether a forum is a more convenient forum under the statute.
Although we do not consider a lack of significant distance between the forums to be fatal to a finding that an alternate forum is more convenient under § 6-3-21.1, the Court is not stating that the distance in this case is, in fact, insignificant. However, that factor alone, if established, is not necessarily dispositive in determining that one venue is significantly more convenient so as to support the conclusion that a trial court exceeded its discretion in denying a motion for a change of venue made pursuant to § 6-3-21.1.
Although one of the eyewitnesses to the accident resides in Macon County, the same witness signed an affidavit declaring that Lee County would be a more convenient forum for him, based on the location *Page 418 
and schedule of his work. The Crains, M M Trucking, most of the witnesses, all the evidence in its various forms, and the accident site are all in Lee County. Fuller, who resides in Macon County, works in Lee County. Thus, Fuller and M M Trucking have established that the interest of justice requires a transfer of this case to Lee County. They have a clear legal right to the order sought.
 IV. Conclusion
The Macon Circuit Court exceeded its discretion in declining to grant Fuller and M M Trucking's motion for a change of venue. Accordingly, we issue the writ of mandamus and order the trial court to grant the motion and to transfer this case to the Lee Circuit Court, where it may "proceed as though originally filed therein."
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.