State Farm Mutual Automobile Insurance Company ("State Farm") and Brian J. Kane (collectively "the petitioners"), the defendants in a personal-injury action pending in the Clay Circuit Court, petition this Court for a writ of mandamus directing the trial court to transfer the action to the Lee Circuit Court. We grant the petition and issue the writ.
 Facts and Procedural History
This action results from an automobile accident that occurred in Lee County in December 2005. Eva Marie Odom was a passenger in an automobile driven by Kane. Kane's automobile struck another automobile driven by Fupo Lee, in which Lai Lee was a passenger. Two officers with the Auburn Police Department, Jason Jenkins and Willie Brown, investigated the accident.
Odom subsequently sued Kane and his insurer, State Farm, in the Clay Circuit Court, alleging that she had suffered injuries as a result of the accident. She sought damages for negligence and "gross negligence and/or wantonness," as well as underinsured-motorist benefits under Kane's automobile insurance policy issued by State Farm.
The petitioners each filed a motion to transfer the action to Lee County pursuant to, among other grounds, the doctrine offorum non conveniens. See Ala. Code 1975, § 6-3-21.1. Kane's motion included several evidentiary exhibits and was later *Page 511 
supplemented with an additional exhibit.[1] Odom filed no response to the motions for a change of venue.
The trial court denied the motions, and the petitioners timely filed this petition for the writ of mandamus.
 Standard of Review
"The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus." Ex parte National Sec. Ins. Co.,Ill So.2d 788, 789 (Ala. 1998). A writ of mandamus is appropriate when the petitioner can demonstrate "(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court." Ex parte BOC Group,Inc., 823 So.2d 1270, 1272 (Ala. 2001). Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion. Ex parteFuller, 955 So.2d 414 (Ala. 2006); Ex parte VerbenaUnited Methodist Church, 953 So.2d 395 (Ala. 2006). Our review is limited to only those facts that were before the trial court. Ex parte Pike Fabrication, Inc.,859 So.2d 1089, 1091 (Ala. 2002).
 Discussion
The petitioners contend that they have a clear legal right under Ala. Code 1975, § 6-3-21.1, to have the case transferred to Lee County. Section 6-3-21.1(a), which provides when an action may be transferred under the doctrine offorum non conveniens, states:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. . . ."
"A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice." National Sec. Ins. Co.,727 So.2d at 789.
In their motions for a change of venue, the petitioners argued that both the convenience of the parties and witnesses and the interest of justice required a transfer of the case to Lee County. Kane submitted an affidavit in which he testified that the accident occurred in Lee County, that he was a resident of Lee County, that the Lee Circuit Court is closer to his residence than is the Clay Circuit Court, that if he were called to testify, the Lee Circuit Court would be substantially more convenient, and that traveling to the Clay Circuit Court for the trial of the action would be a significant burden on him.
The petitioners also submitted affidavits of Fupo Lee and Lai Lee, the occupants of the other vehicle; two eyewitnesses to the accident, Michael Dillehay and James J. Motley; and one of the investigating officers, Jason Jenkins, who all testified that they lived in Lee County, that if they were called to testify, the Lee Circuit Court would be substantially more convenient to them, and that traveling to the Clay Circuit Court for the trial would be a significant *Page 512 
burden to them. Additionally, Kane submitted evidence to the trial court indicating that Fupo Lee and Lai Lee had sued the petitioners in the Lee Circuit Court, seeking damages for injuries allegedly resulting from the accident.
Odom submitted nothing in opposition to the motions for a change in venue. The complaint reveals that Odom resides in Clay County and that State Farm conducts business there. In response to the mandamus petition, Odom filed an affidavit with this Court in which she testifies that Lee County would be an inconvenient forum for her to travel to and that, to the best of her "knowledge and belief," Kane now lives in North Carolina. However, this affidavit, executed after Kane's reply brief was filed in this case, was not presented to the trial court. We thus do not consider it. See PikeFabrication, supra, and Verbena United MethodistChurch, 953 So.2d at 399 (refusing to consider an affidavit submitted in opposition to a mandamus petition because the affidavit was not before the trial court when it rendered the decision under review).
"The purpose of the doctrine of forum non conveniens
is to `prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience.'" Ex partePerfection Siding, Inc., 882 So.2d 307, 312 (Ala. 2003) (quoting Ex parte New England Mut. Life Ins. Co.,663 So.2d 952, 956 (Ala. 1995)). We note that "litigation should be handled in the forum where the injury occurred" and that "one of the fundamental purposes of the doctrine of forum nonconveniens is to spare witnesses the unnecessary inconvenience associated with testifying in a distant forum."Ex parte Sawyer, 892 So.2d 898, 904 (Ala. 2004). Finally, "the `interest of justice' require[s] the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action."National Sec. Ins. Co., 727 So.2d at 790.
 "The burden of proof under this doctrine is on the defendant to prove to the satisfaction of the trial court that the defendant's inconvenience and expense of defending the action in the venue selected by the plaintiff are such that the plaintiffs right to choose the forum is overcome. Stated differently, the transferee forum must be significantly more convenient than the forum in which the action is filed by the plaintiff, to justify transfer."
New England Mut. Life Ins. Co., 663 So.2d at 956.
In New England Mutual Life Insurance Co., the defendants petitioned this Court contending that the action pending in Barbour County was due to be transferred to Montgomery County on the basis of forum nonconveniens. Specifically, although the plaintiff resided in Barbour County, none of the events giving rise to the action took place there; the alleged wrongful act involved Montgomery County entities; and all the witnesses, except the plaintiff, resided in Montgomery County. "Most significantly," we noted, several related actions involving the same alleged wrongful act were pending in Montgomery County and some, if not all, of the witnesses in those cases would testify in the case the defendants sought to have transferred: "All of these witnesses would be forced to travel from Montgomery County to Barbour County for a trial in the plaintiffs case, which this Court finds to be both burdensome and unnecessarily expensive."663 So.2d at 956. We thus held that the trial court exceeded its discretion in denying the motion to transfer.
In the instant case, all the witnesses and parties identified so far, except the plaintiff, reside in Lee County; all testified that the Lee Circuit Court would be substantially more convenient for them than the *Page 513 
Clay Circuit Court; and all testified that traveling to the Clay Circuit Court would be a significant burden. The alleged acts, omissions, and injuries in this case occurred in Lee County, and there is a related action involving the same incident and the same witnesses pending there. The only connection with this case and Clay County, however, is that Odom resides there and that State Farm does business there. We conclude that Lee County is a "significantly more convenient" forum than is Clay County and that both the convenience of the parties and witnesses and the interest of justice require a transfer of this action to Lee County. Sawyer, supra,National Sec. Ins. Co., supra, New England Mut.Life Ins. Co., supra.
 Conclusion
The trial court is directed to vacate its order denying the motion to transfer and to transfer the action to the Lee Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and SEE, WOODALL, and PARKER, JJ., concur.
[1] In addition to filing its own motion, State Farm joined and adopted Kane's motion for a change of venue.