First Tennessee Bank National Association ("First Tennessee") petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to vacate its May 23, 2007, order transferring this action to the Tallapoosa Circuit Court on the basis of forum non conveniens. We deny the petition.
 Facts and Procedural History
Benjamin C. Russell ("Mr. Russell") died in 1945; he was survived by his wife, Edith Landgrebe Russell ("Mrs. Russell"). Under Mr. Russell's will, which was probated in Tallapoosa County in 1945, Mrs. Russell received nearly all Mr. Russell's estate. The remaining assets, including stocks, securities, and other interests in certain closely held family companies, were devised to the "Benjamin Russell Trust for Edith Landgrebe Russell" ("the trust") for the benefit of Mrs. Russell during her lifetime or until she remarried. Mrs. Russell never remarried, and she died in June 2004. Mrs. Russell's will was probated in Tallapoosa County. First Tennessee is the successor personal representative of Mrs. Russell's estate.[1]
First Tennessee, a Tennessee corporation, brought this action in the Jefferson Circuit Court, seeking a declaration of the rights of Mrs. Russell's estate with regard to the payment of Mrs. Russell's final expenses out of the trust assets.[2]
Petition at 2-3. The 16 defendants in this action, including Ben Russell (collectively "Russell"), are the current trustees and the remainder beneficiaries of the trust. Thirteen of the defendants moved the Jefferson Circuit Court to dismiss the action pursuant to Rule 12(b)(3) and (6), *Page 908 
Ala. R. Civ. P., [3] or, alternatively, for a change of venue under § 6-3-21.1, Ala. Code 1975, Alabama's forum nonconveniens statute. The Jefferson Circuit Court determined that Tallapoosa County had "the greatest connection to the case" and, thus, that, in the "interest of justice," § 6-3-21.1(a), the action was due to be transferred to the Tallapoosa Circuit Court. Petition at Exhibit F, p. 9.
First Tennessee petitioned this Court for the writ of mandamus, arguing that the Jefferson Circuit Court exceeded its discretion in transferring the action to the Tallapoosa Circuit Court; First Tennessee asked this Court to stay all proceedings pending this Court's decision on its mandamus petition. On August 15, 2007, this Court ordered answer and briefs on the mandamus petition and granted First Tennessee's motion for a stay.
 Issue
The question before the Court is whether the Jefferson Circuit Court exceeded its discretion in transferring this case to Tallapoosa County under the interest-of-justice prong of § 6-3-21.1(a), Ala. Code 1975.
 Standard of Review
"Mandamus is the appropriate device by which to challenge a trial court's decision on a motion for a change of venue."Ex parte Fuller, 955 So.2d 414, 415 (Ala. 2006) (citingEx parte Sawyer, 892 So.2d 919 (Ala. 2004)). "Mandamus is an extraordinary remedy and will be granted only when there is `(1) a clear legal right in the petitioner to the order sought, (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so, (3) the lack of another adequate remedy, and (4) properly invoked jurisdiction of the court.'" Ex parte Dillard Dep't Stores, Inc.,879 So.2d 1134, 1136 (Ala. 2003) (quoting Ex parte Alfab,Inc., 586 So.2d 889, 891 (Ala. 1991)). "Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion." Ex parteKane, 989 So.2d 509, 511 (Ala. 2008) (citing Ex parteFuller, supra; Ex parte Verbena United MethodistChurch, 953 So.2d 395 (Ala. 2006)).
 Analysis
First Tennessee argues that the Jefferson Circuit Court exceeded its discretion when it transferred this action to the Tallapoosa Circuit Court pursuant to the interest-of-justice prong of § 6-3-21.1(a), Ala. Code 1975. The relevant portion of § 6-3-21.1(a), Ala. Code 1975, provides:
 "With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
"`A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses *Page 909 
or based on the interest of justice.'" Ex parteKane, 989 So.2d at 511 (quoting Ex parte NationalSec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998)). A trial court should not grant a defendant's motion to transfer an action pursuant to § 6-3-21.1, under the first prong of the statute, that is, on the basis that the forum selected by the plaintiff is "inconvenient," unless the defendant's proffered forum is "`"`significantly more convenient' than the forum in which the action is filed, as chosen by the plaintiffs, to justify transfer.'"'" Ex parte Bloodsaw,648 So.2d 553, 555 (Ala. 1994) (quoting Ex parte Johnson,638 So.2d 772, 774 (Ala. 1994), quoting in turn Ex parteTownsend, 589 So.2d 711, 715 (Ala. 1991)). The second prong of the statute, "`"the interest of justice[,]" requires the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.'" Ex parte Kane,989 So.2d at 512 (quoting National Sec. Ins. Co.,727 So.2d at 790).
Russell moved the Jefferson Circuit Court to transfer this action, pursuant to § 6-3-21.1, to the Tallapoosa Circuit Court, arguing that Jefferson County is an "inconvenient" forum and that "the interest of justice" requires the transfer. Petition at Exhibit B. Thus, Russell had the burden of demonstrating "either that [Tallapoosa] County is a more convenient forum than [Jefferson] County or that having the case heard in [Tallapoosa] County would more serve the interest of justice. . . ." Ex parte Fuller, 955 So.2d at 416. The Jefferson Circuit Court first determined that there was "no `substantial inconvenience' shown [by Russell] which would justify an order transferring venue on [the] ground[] that the venue selected by [First Tennessee] is `inconvenient to the partes.'" Petition at Exhibit F, p. 9. However, the circuit court found that Tallapoosa County had the "greatest connection" with this action and, under the interest-of-justice prong of § 6-3-21.1(a), ordered the action transferred to Tallapoosa County. The Jefferson Circuit Court noted:
 "This is a trust arising out of an estate of long-standing in Tallapoosa County, Alabama. The will of [Mr.] Russell was probated in Tallapoosa County, as is the estate of his widow and trust beneficiary. The Circuit Court of Tallapoosa County has already taken certain actions with regard to the administration of the said trust, whereas the Circuit Court of Jefferson County has never taken any action with regard to the probate, administration, or operation of any trust or estate involved in this matter. In fact, the only involvement of this forum with this matter, and the only fact which gives this court an interest, is the involvement of three of its residents as defendants by virtue of their having been designated as residual beneficiaries."
Petition at Exhibit F, p. 10.
First Tennessee contends that the Jefferson Circuit Court exceeded its discretion because, First Tennessee says, Jefferson County is a neutral forum and a plaintiffs choice of forum is entitled to great deference. First Tennessee argues that "the `interest of justice' analysis [under § 6-3-21.1] is primarily linked to `forum shopping'" and that there is no indication that Jefferson County is not a neutral forum or that First Tennessee has engaged in forum shopping.[4] Petition *Page 910 
at 13. In support of its position, First Tennessee quotes from Ex parte First Family Financial Services, Inc.,718 So.2d 658, 660 (Ala. 1998), in which this Court stated:
 "We conclude that the Legislature, in adopting § 6-3-21.1, intended to vest in the trial courts, the Court of Civil Appeals, and this Court the power and the duty to transfer a cause when `the interest of justice' requires a transfer.
 "`[W]hen the trial judge determines that a plaintiff is guilty of "forum shopping" and that the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the statute provides that the trial court "shall" transfer the cause. What has the Supreme Court of the United States said about "forum shopping" . . . That Court has stated that because plaintiffs are allowed a choice of forum by statute, a plaintiff may be "under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947). . . .'"
First Tennessee argues that this case "bears no resemblance to the forum shopping cases which have moved this Court to correct the efforts of plaintiffs to tilt the courtroom floor in their direction." Petition at 14. First Tennessee quotes Ex parteFuller, 955 So.2d at 418, in which this Court noted:
 "The Crains [the plaintiffs], M M Trucking [a defendant], most of the witnesses, all the evidence in its various forms, and the accident site are all in Lee County. Fuller [a defendant], who resides in Macon County, works in Lee County. Thus, Fuller and M 
M Trucking have established that the interest of justice requires a transfer of this case [from Macon County] to Lee County. They have a clear legal right to the order sought."
Although the fact that three of the defendants here reside in Jefferson County would make venue in Jefferson County proper, we cannot conclude that the Jefferson Circuit Court exceeded its discretion when it transferred this action to Tallapoosa County. First Tennessee contends that "the sole basis for Judge Boohaker's decision to transfer this case rests on the presence in Tallapoosa County of [the Trust] . . . and the presence there of the estate of Mrs. Russell. . . ." Petition at 9. It is clear from the Jefferson Circuit Court's order, however, that the court also considered it significant that "[t]he will of [Mr. Russell] was probated in Tallapoosa County," that "the Circuit Court of Tallapoosa County has already taken certain actions with regard to the administration of the said trust," and that "the only involvement of [Jefferson County] with this matter, and the only fact which gives [the Jefferson Circuit Court] an interest is the *Page 911 
involvement of three of its residents as defendants by virtue of their having been designated as residual beneficiaries." Petition at Exhibit F, p. 10.
Moreover, nothing in First Family limits a trial court's use of the interest-of-justice prong under § 6-3-21.1, Ala. Code 1975, to instances in which the trial court determines that a plaintiff has engaged in forum shopping. Instead, it appears from our caselaw that in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action. See Exparte Kane, 989 So.2d at 512 (" `[T]he "interest of justice" require[s] the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.'" (quoting NationalSec. Ins. Co., 727 So.2d at 790)). See also Ex parteIndependent Life Accident Ins. Co., 725 So.2d 955,957 (Ala. 1998) ("From what is before this Court, therefore, it appears that this case has no nexus with Lowndes County that would justify burdening that county with the trial of this case."). In this case, Russell moved the Jefferson Circuit Court to transfer the action under § 6-3-21.1 on the basis that the interest of justice warranted the transfer; thus, the court rightly applied the "nexus" or "connection" analysis.
First Tennessee argues that the Jefferson Circuit Court exceeded its discretion because, First Tennessee argues, the court's order "addressed the `interest of justice' issue in terms of simple arithmetic, by holding `venue is proper in the County with the greatest connection to the case.'" Petition at 15. Put another way, First Tennessee appears to take issue with the Jefferson Circuit Court's transfer of this action because that court determined that Tallapoosa County had the "greatest connection" to this action, rather than that Jefferson County lacked a connection with this action and that Tallapoosa County had a strong connection to this case. Although it may be true that the Jefferson Circuit Court noted that it "performed [a] nexus analysis and has found venue to be proper in the County with the greatest connection to the case," Petition at Exhibit F, p. 9, it is clear that the court transferred this action "from a county with little, if any, connection to the action, to the county with a strong connection to the action." Exparte Kane, 989 So.2d at 512.
As the Jefferson Circuit Court noted, Mr. Russell's will, the instrument that created the trust, was probated in Tallapoosa County. Similarly, Mrs. Russell's estate is situated in Tallapoosa County. Further, the trust is domiciled in Tallapoosa County, Petition at Exhibit D, and, in 1984 and in 2004, the Tallapoosa Circuit Court took certain actions with regard to the trust. Petition at 8. In addition, of the 16 defendants, 7 are residents of Tallapoosa County, including the current trustees of the trust. Of the 9 remaining defendants, 2 reside in Elmore County, 3 in Jefferson County, and the remaining 4 are residents of Mobile County, Alabama; Baldwin County, Alabama; Atlanta, Georgia; and Scottsdale, Arizona. First Tennessee, a foreign corporation, has not provided this Court with any indication of where it conducts business in Alabama. Thus, the only apparent connection between this case and Jefferson County is the presence in Jefferson County of three remainder-beneficiary defendants who collectively own 8% of the trust assets. Petition at Exhibit E. These facts demonstrate that there is little connection between the action and Jefferson County and that there is a strong connection between the action and Tallapoosa County. *Page 912 
Finally, First Tennessee argues that the Jefferson Circuit Court's decision "completely abrogated the substantial deference which the court[s] have traditionally given to the plaintiffs choice of forum."[5] Petition at 15. However, as we note above, although the Jefferson Circuit Court concluded that Tallapoosa County had the "greatest" connection to the case, it is clear that the court transferred this action from a venue that had little connection to this action to one that has a strong connection. Ex parte Kane, supra. Moreover, once a trial court determines that the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala. Code 1975, compels the trial court to transfer the action to the alternative forum. See § 6-3-21.1, Ala. Code 1975 ("With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed. . . ."); see also Ex parteSawyer, 892 So.2d at 923 n. 4 ("Alabama's forum nonconveniens statute is compulsory."). Thus, the Jefferson Circuit Court did not exceed its discretion in transferring this case to Tallapoosa County.
 Conclusion
For the foregoing reasons, we conclude that the Jefferson Circuit Court did not exceed its discretion in ordering that the declaratory-judgment action be transferred from the Jefferson Circuit Court to the Tallapoosa Circuit Court. Therefore, we deny First Tennessee's petition for the writ of mandamus.
PETITION DENIED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] The materials before this Court do not indicate who First Tennessee succeeds as personal representative of Mrs. Russell's estate.
[2] Mr. Russell's will provides that
 "without in any way limiting the generality of the foregoing, but solely in order to define with particularity certain of the powers hereby vested in the Trustees, I further declare that the Trustees shall have and may, without notice to anyone or order of court, exercise, among others, each and all of the powers following, to be broadly construed with respect to the trust estate and each part thereof, viz:
 ". . . .
 "(H) Upon the death of my said wife, to pay her reasonable funeral and burial expenses and the expenses of her last illness and any income or other taxes due and payable within the calender year of her death by her or on her account."
Petition at Exhibit A, pp. 8-9.
[3] The relevant portions of Rule 12(b), Ala. R. Civ. P., provide:
 "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (3) improper venue, . . . (6) failure to state a claim upon which relief can be granted. . . ."
[4] It does appear that the prominence of the Russell family in Tallapoosa County may have been a factor in First Tennessee's choice of forum. In a letter to the Jefferson Circuit Court that served as First Tennessee's reply to Russell's brief in opposition to the motion for a change of venue, First Tennessee noted:
 "Of greater significance is another Tallapoosa County case that involved the persons who are the defendants in this case but did not involve this Trust — a case which was an [adversarial] proceeding among the members of this prominent family. Ben Russell v. Nancy Gwaltney, et al., CV 05-187. When confronted with the adversarial proceeding (predominantly among the beneficiaries of this Trust), the presiding judge found it necessary to recuse himself in the midst of the litigation and bring in another judge who was not from Tallapoosa County. See attached Order. Surely, the same will happen again when the Tallapoosa County Circuit Court again finds the prominent Russell family in its courtroom."
Petition at Exhibit E, p. 3.
[5] First Tennessee relies on Ex parte Townsend,589 So.2d 711 (Ala. 1991), and Ex parte Bloodsaw,648 So.2d 553 (Ala. 1994), to support its argument that "something `greater,' `stronger,' `heavier,' and `more significant' on the deference scale than `the County with the most connection' is required." Petition at 16. However, both Ex parteTownsend and Ex parte Bloodsaw are inapposite, because in each case this Court was discussing the convenience-of-the-party prong of § 6-3-21.1, Ala. Code 1975. See Ex parte Verbena United Methodist Church,953 So.2d 395, 400 n. 3 (Ala. 2006) ("Baker argues on rehearing that in our earlier opinion we `overlooked' Ex parteTownsend, 589 So.2d 711 (Ala. 1991), in which this Court, in dicta, noted that to justify a transfer based upon forumnon conveniens the transferee forum must be `significantly more convenient' than the forum in which the action was filed. The dicta in Townsend discussed only the factor of convenience of the parties and witnesses. It did not consider the interest of justice as a separate basis for transfer as we do here in the context of avoiding burdening Montgomery County with the trial of a case that has a much stronger nexus with Chilton County."). See also Ex parte Bloodsaw,648 So.2d at 556 ("However, Bloodsaw chose Macon County as the forum for her case; therefore, it was United's burden to prove [for a transfer under the `convenience of the parties and witnesses' prong of § 6-5-21.1] that Elmore County is `significantly more convenient' than Macon County.").