13 So.3d 346 (2008)
Ex parte McKENZIE OIL COMPANY, INC. and
Ex parte Gary Dewayne Heathcock
(In re Lee Harris Franklin v. Gary Dewayne Heathcock and McKenzie Oil Company, Inc.)
1071011 and 1071021.
Supreme Court of Alabama.
August 22, 2008.
Rehearing Denied January 16, 2009.
*347 Jeff E. Friedman and Jess S. Boone of Friedman, Leak, Dazzio, Zulanas & Bowling, P.C., Birmingham, for petitioner McKenzie Oil Company, Inc.
Brief in opposition to application for rehearing filed by Kori L. Clement of Hare, Clement & Duck, P.C., Birmingham, for petitioner Gary Dewayne Heathcock.
C. Carter Clay of Pittman, Dutton, Kirby & Hellums, P.C., Birmingham, for respondent.
SMITH, Justice.
McKenzie Oil Company, Inc. ("McKenzie"), and Gary Dewayne Heathcock, defendants in an action pending in the Barbour Circuit Court, petition for a writ of mandamus directing the trial court to transfer the case to the Escambia Circuit Court on the basis of forum non conveniens. We grant the petition and issue the writ.

Facts and Procedural History
In the early morning hours of September 24, 2006, Heathcock was allegedly driving a vehicle that collided with a vehicle driven by Lee Harris Franklin. The accident occurred on Alabama Highway 21 near the City of Atmore in Escambia County. Franklin was injured in the accident and was transported to Atmore Community Hospital. Heathcock subsequently pleaded guilty in an Escambia County court to a charge of reckless driving stemming from the accident.
According to the allegations in the materials before us, McKenzie operated a convenience store in Escambia County referred to in the documents before us as "Atmore Interstate BP." It is alleged that Heathcock, while he was visibly intoxicated, purchased alcoholic beverages at this store before the accident. The accident, apparently by coincidence, occurred in front of the Atmore Interstate BP convenience store several hours after the alleged sale.
Franklin is a resident of Clarke County. In January 2007, Franklin sued Heathcock in the Clarke Circuit Court, seeking damages for, among other things, Heathcock's alleged negligence and wantonness. Before Heathcock was served with the complaint, Franklin moved to dismiss the case; in July 2007, the Clarke Circuit Court dismissed the complaint without prejudice.
On August 28, 2007, Franklin filed a new complaint, this time naming both Heathcock and McKenzie as defendants, in the circuit court in Barbour County, where McKenzie's corporate headquarters is located. Against Heathcock, Franklin sought damages for negligent, wanton, and willful conduct. Against McKenzie, Franklin sought damages under the Dram Shop Act, Ala.Code 1975, § 6-5-71.
McKenzie answered the complaint and, as an affirmative defense, alleged that venue in the Barbour Circuit Court was neither appropriate nor convenient. McKenzie subsequently filed a motion to transfer the case to the Escambia Circuit Court on the basis of forum non conveniens. The motion was supported by a brief and by *348 evidentiary exhibits. Franklin responded to the motion, and the Barbour Circuit Court held a hearing on December 4, 2007. When it was discovered that Heathcock had not yet been served with a complaint, the trial court entered the following notation in the case-action summary: "Attorneys to do more discovery."
Heathcock was ultimately served with the complaint; he later also filed a motion to transfer the case to Escambia County on the basis of forum non conveniens. A hearing was set for this motion; before the hearing was held, McKenzie filed a "Motion for Clarification," asking the trial court to clarify whether the notation in the case-action summary stating that the attorneys were "to do more discovery" directed the parties to conduct discovery on the merits or whether such discovery should be limited to the issue of venue.
On March 12, 2008, the trial court held a hearing on Heathcock's motion to transfer and McKenzie's "Motion for Clarification." That day, the trial court entered an order stating: "Merits and venue discovery to continue. Venue to be decided post discovery." McKenzie filed a petition in this Court for a writ of mandamus, and the next day Heathcock also filed a petition for the writ of mandamus in this Court, in essence joining McKenzie's petition (hereinafter McKenzie and Heathcock will be referred to collectively as "McKenzie").

Standard of Review
"`The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.' Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). A writ of mandamus is appropriate when the petitioner can demonstrate `(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001). Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion. Ex parte Fuller, 955 So.2d 414 (Ala.2006); Ex parte Verbena United Methodist Church, 953 So.2d 395 (Ala.2006). Our review is limited to only those facts that were before the trial court. Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala. 2002)."
Ex parte Kane, 989 So.2d 509, 511 (Ala. 2008).

Discussion
Alabama Code 1975, § 6-3-21.1, Alabama's forum non conveniens statute, provides when an action must be transferred under the doctrine of forum non conveniens:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. ..."
Ala.Code 1975, § 6-3-21.1(a).
A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, that the transfer is justified based either on the convenience of the parties and witnesses or in the "interest of justice." Ex parte Masonite Corp., 789 So.2d 830, 831 (Ala. 2001); Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). In its motions *349 for a change of venue, McKenzie argued that both the convenience of the parties and witnesses and the interest of justice required a transfer of the case to Escambia County.[1] Because McKenzie has demonstrated that the interest of justice requires a transfer in this case, we do not address the convenience of the parties and witnesses.
"This Court has held that litigation should be handled in the forum where the injury occurred." Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006), citing Ex parte Sawyer, 892 So.2d 898, 904 (Ala.2004). Furthermore, the "interest of justice" prong of § 6-3-21.1 requires "the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action." Ex parte National Sec. Ins. Co., 727 So.2d at 790. Thus, "in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the `nexus' or `connection' between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action." Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala.2008). McKenzie therefore had the burden of demonstrating "`that having the case heard in [Escambia] County would more serve the interest of justice ....'" Ex parte First Tennessee Bank, 994 So.2d at 909 (quoting Ex parte Fuller, 955 So.2d at 416).
Franklin points out that McKenzie's corporate headquarters is located in Barbour County; thus, Franklin claims that Barbour County and its citizens have an interest in McKenzie's "well-being" and a "significant interest in whether McKenzie" has fulfilled its obligations as a vendor of alcoholic beverages.
We agree that McKenzie has "a connection" with Barbour County by virtue of the location of its corporate headquarters. However, we find this connection to Barbour County to be "little" and the connection with Escambia County to be "strong." Ex parte National Sec. Ins. Co., supra.
First, we note that the courts of Escambia County have been invoked to punish the traffic violation arising from the accident. Cf. Kane, 989 So.2d at 513 (holding, in part, that the interest of justice required a transfer to a forum where a related action involving the same incident and the same witnesses was pending).
Additionally, we note that virtually none of the events or circumstances involved in this case occurred in or relate to Barbour County. Specifically, the accident giving rise to Franklin's claims and the alleged tortious conduct by both Heathcock and McKenzie took place in Escambia County. Law-enforcement personnel and medical personnel in Escambia County investigated the accident and treated Franklin's injuries. Additionally, the employees of McKenzie who allegedly violated the Dram Shop Act work not at the corporate headquarters in Barbour County but at the Atmore Interstate BP convenience store, which actually conducts business for McKenzie in Escambia County. Heathcock resides in Escambia County. For all that appears, all material events in this case, including the accident, occurred in Escambia County.
Given this small nexus and little connection with the facts of this case to Barbour County and the strong connection with Escambia County, we hold that hearing the case in Escambia County "would more serve the interest of justice." Ex parte *350 First Tennessee Bank, supra. Therefore, McKenzie has demonstrated that the action is due to be transferred to Escambia County under Ala.Code 1975, § 6-3-21.1.
"Alabama's forum non conveniens statute is compulsory. See Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998) (`The word "shall" is clear and unambiguous and is imperative and mandatory.')." Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala.2004). The language of § 6-3-21.1(a) requires that the trial court "shall" transfer an action when the statute so requires. In this case, McKenzie had demonstrated that the action is due to be transferred to Escambia County. Instead of transferring the action, the trial court ordered discovery to continue. There is no argument presented that discovery on the issue of forum non conveniens was required, and the materials before us do not so indicate; therefore, the trial court exceeded its discretion in refusing to transfer the case to Escambia County.

Conclusion
Both McKenzie's and Heathcock's petitions for the writ of mandamus are granted, and the trial court is directed to transfer the case to the Escambia Circuit Court.
1071011PETITION GRANTED; WRIT ISSUED.
1071021PETITION GRANTED; WRIT ISSUED.
SEE, WOODALL, BOLIN, and PARKER, JJ., concur.
COBB, C.J., recuses herself.
NOTES
[1] The parties make no argument before this Court that this action was not "filed in an appropriate venue."