Bama Concrete ("Bama")[1] and Terry Dewayne Edwards, defendants in an action pending in the Greene Circuit Court, petition for a writ of mandamus directing the trial court to transfer the action to the Tuscaloosa Circuit Court on the basis of the doctrine of forum non conveniens. We grant the petition and issue the writ. *Page 296 
 I. Factual Background
The underlying action arises out of an automobile accident in which a concrete truck driven by Edwards and owned by Bama collided with an automobile driven by Michelle Washington Mims. The accident occurred in Tuscaloosa County, approximately one mile from Bama's office. Mims resides in Tuscaloosa County. The accident investigator, Tuscaloosa Police Department Officer John Huff, lives and works in Tuscaloosa County. All other witnesses to the accident live in Tuscaloosa County. Edwards resides in Greene County. The concrete truck being driven by Edwards was returning to Bama's office from a delivery made in Tuscaloosa County. Mims's medical treatment was administered in either Tuscaloosa County or Jefferson County.
After Mims filed her complaint in the Greene Circuit Court, Bama and Edwards filed a motion requesting a change of venue to the Tuscaloosa Circuit Court on the basis of the doctrine offorum non conveniens. The motion was supported by, among other things, an affidavit from Edwards, who resides in Greene County, in which he stated: "It is my preference that this action be tried in Tuscaloosa County as it is more convenient with my work schedule." In response to the motion for a change of venue, Mims contended that Edwards had been involved in several automobile accidents and had received several traffic citations in Greene County and stated that she intended to offer at trial the testimony or the depositions of the officers involved in each incident, who were in Greene County. The trial court denied the motion.
 II. Standard of Review
In Ex parte Kane, 989 So.2d 509, 511 (Ala. 2008), we stated the standard of review in a similar setting as follows:
 "`The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.' Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998). A writ of mandamus is appropriate when the petitioner can demonstrate `(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001). Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion. Ex parte Fuller, 955 So.2d 414 (Ala. 2006); Ex parte Verbena United Methodist Church, 953 So.2d 395 (Ala. 2006). Our review is limited to only those facts that were before the trial court. Ex parte Pike Fabrication, Inc., 859 So.2d 1089, 1091 (Ala. 2002)."
 III. Analysis
Alabama's forum non conveniens statute is set forth in § 6-3-21.1, Ala. Code 1975, and provides, in part, as follows:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. Provided, however, this section shall not apply to cases subject to Section 30-2-5 [not applicable on these facts]."
Venue for this case is proper in both Greene and Tuscaloosa Counties, so a *Page 297 
transfer on the basis of forum nan conveniens is the only method by which Bama and Edwards can obtain a transfer of the case to the Tuscaloosa Circuit Court. A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, that the transfer is justified based either on the convenience of the parties and witnesses or in the "interest of justice." Ex parte McKenzie OilCo., [Ms. 1071011, August 22, 2008] ___ So.3d ___(Ala. 2008); Ex parte Verbena United MethodistChurch, 953 So.2d 395 (Ala. 2006).
Bama and Edwards rely on a line of cases in which this Court has construed the interest-of-justice prong of § 6-3-21.1
to warrant a transfer of an action from a forum with little or no nexus with the plaintiffs chosen venue to a venue where the action could have been filed so as to spare the local judicial circuit — the original forum — from being burdened unnecessarily with litigation lacking a sufficient connection to the circuit. We recently reaffirmed this principle inEx parte McKenzie Oil Co. as follows:
 "`This Court has held that litigation should be handled in the forum where the injury occurred.' Ex parte Fuller, 955 So.2d 414, 416
(Ala. 2006), citing Ex parte Sawyer, 892 So.2d 898, 904 (Ala. 2004). Furthermore, the `interest of justice' prong of § 6-3-21.1 requires `the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.' Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [(Ala. 1998)]. Thus, `in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala. 2008). McKenzie therefore had the burden of demonstrating ` "that having the case heard in [Escambia] County would more serve the interest of justice. . . ."' Ex parte First Tennessee Bank, 994 So.2d at 911
(quoting Ex parte Fuller, 955 So.2d at 416)."
___ So.3d at ___.
Mims seeks to distinguish the line of cases relied on by Bama and Edwards by noting that Bama does business in Greene County and that one of her claims is based upon Bama's negligent entrustment of its vehicle to Edwards.[2] Mims contends in her brief to this Court that "[a] significant amount of evidence on the negligent entrustment count concerns traffic violations and accidents which occurred in Greene County." Mims offered records indicating that Edwards had been issued several traffic citations and had been involved in two accidents in Greene County. Mims contended in her response to the motion for a change of venue filed with the Greene Circuit Court that she intended to call as witnesses Greene County authorities who investigated each traffic violation and accident, as well as any other drivers involved in the accidents in Greene County. Mims also contended: "It is also conceivable that [she] would call some of Defendant Edwards'[s] family members to testify as to his driving history and detail what, if any, wrecks or traffic stops they [had] witnessed."
Mims disputes Bama and Edwards's contention that Edwards admitted in his deposition the existence of the traffic citations and events, thereby necessitating live *Page 298 
testimony as to them. However, Bama and Edwards respond by referring this Court to that portion of Edwards's deposition in which Edwards denied that he was disputing any of the citations. Records relating to Edwards's earlier driving offenses or accidents that were obtained by a computer search of the AlaCourt data-base or from the Department of Public Safety in Montgomery were attached as exhibits to Edwards's deposition and submitted to this Court in support of the petition for a writ of mandamus. None of those documents came from Greene County or are being maintained in Greene County. Consequently, the nexus to Greene County based on the need for live testimony of officers to establish the undisputed citations is minimal. Furthermore, the exhibits before this Court indicate that Edwards had been cited for two prior traffic violations in Tuscaloosa County, as well as others from a host of different jurisdictions.
With respect to the claimed necessity for witnesses involved in the two accidents that occurred in Greene County, without more information as to who was at fault or the nature of each accident, we cannot permit the nexus of the case to Greene County to rest on so weak a reed, especially when viewed in context with the overwhelming weight of factors favoring transfer of the action to Tuscaloosa County in the interest of justice.
Finally, Mims argues in her brief to this Court that the interest of justice does not require a transfer of this action to the Tuscaloosa Circuit Court because "the Greene County Circuit Court handles a modest case load while the Tuscaloosa County Circuit Court is overwhelmed." She further argues: "Transferring [an action] to a congested venue like Tuscaloosa County is not in the interest of justice or in the best interest of [Bama and Edwards], because it will thwart the speedy and timely resolution of this controversy." Mims did not present this argument to the trial court; rather, she argues it to this Court for the first time in her responsive brief. "In considering a mandamus petition, we must look at only those facts before the trial court." Ex parte American Res. Ins.Co., 663 So.2d 932, 936 (Ala. 1995). We emphasize that facts before the trial court must be based upon evidentiary material, which does not include the statements of counsel in motions, briefs, and arguments. Ex parteMcCordr-Baugh, 894 So.2d 679, 686 (Ala. 2004). In support of her argument to this Court, Mims attached a report from the Administrative Office of Courts detailing the number of civil cases that were filed in each of Alabama's circuit courts during fiscal year 2007. We therefore need not decide in this case the impact of such evidence.[3]
According to the evidence before the trial court, the accident took place in Tuscaloosa County, the investigating officer and witnesses to the accident reside in Tuscaloosa County, Bama's corporate office is located in Tuscaloosa County, and Mims resides in Tuscaloosa County and received medical treatment for her injuries resulting from the accident there. The only connection to Greene County is that *Page 299 
Edwards resides there, but he works in Tuscaloosa County. The traffic citations issued to Edwards and the accidents in which he was involved in Greene County, as discussed above, are not a significant factor for this Court to consider. Based upon the evidence before the trial court when it considered Bama and Edwards's motion to transfer, the tenuous nexus of this case with Greene County does not justify burdening Greene County with the trial of this case, which has a much more substantial nexus with Tuscaloosa County. See Ex parte Verbena UnitedMethodist Church, 953 So.2d at 400; Ex parte ADTSec. Servs., Inc., 933 So.2d 343, 346-47 (Ala. 2006); Exparte Clarksville Refrigerated Lines I, Ltd.,860 So.2d 1261, 1265 (Ala. 2003). Consequently, the trial court exceeded its discretion when it denied Bama and Edwards's motion for a change of venue. Bama and Edwards have clearly demonstrated that they are entitled to the relief requested.
 IV. Conclusion
Based upon the facts properly before this Court, we hold that the "interest of justice" and the "convenience of parties and witnesses" require the transfer of this action from Greene County to Tuscaloosa County. We therefore grant Bama and Edwards's petition for the writ of mandamus and direct the trial court to enter an order transferring the case from the Greene Circuit Court to the Tuscaloosa Circuit Court for the convenience of the parties and the witnesses and in the interest of justice.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
[1] The complaint avers that Bama Concrete is "an Alabama company doing business in Greene County, Alabama." Although both parties use the name "Bama Concrete" in the style and body of most of the documents filed in this case, we note that the motion for a change of venue filed by Bama Concrete refers to the company by the name "Bama Concrete Products Co., Inc."
[2] Bama argues that evidence of Edwards's prior acts is not admissible in a negligent-entrustment claim unless it can be shown that Bama knew or should have known of those prior acts. We cannot resolve the issue before us based on Bama's anticipation that some of or all the evidence of Edwards's prior acts might not be admissible at trial.
[3] Even if we were to consider such evidence as relevant to the transfer issue, it would not support the trial court's ruling because the total workload of the trial judge here is approximately the same as the workload of each circuit judge in Tuscaloosa County. According to the report from the Administrative Office of Courts, 1,913 civil cases were filed in the Tuscaloosa Circuit Court, and only 96 civil cases were filed in the Greene Circuit Court. Bama and Edwards point out that the circuit judge in Greene County also serves as the circuit judge for two other counties, with a total number of 455 civil cases for which he is responsible, and that four circuit judges in Tuscaloosa County divide the workload of the civil cases filed there.