STUART, Justice.
Navistar, Inc., i/k/a International Truck and Engine Corporation, and Navistar International Corporation (hereinafter referred to collectively as “Navistar”), defendants in an action pending in the Barbour Circuit Court, petition for a writ of mandamus directing the trial court to transfer the action to the Colbert Circuit Court. We grant the petition and issue the writ.

Facts and Procedural Background

The underlying action arises out of a single-vehicle heavy-truck rollover accident in which Edward M. Stewart, a Georgia resident and the driver of the truck, was killed. The accident occurred in Colbert County. Brooklyn Price, Stewart’s daughter and the administratrix of his estate, sued Navistar in the Barbour Circuit Court. According to the complaint, the truck Stewart was driving at the time of the accident was designed, engineered, manufactured, and marketed by Navistar. Price claims damages for Navistar’s alleged negligence and wantonness and its alleged violation of the Alabama Extended Manufacturer’s Liability Doctrine, asserting that the truck was not “crashworthy.” Navistar moved to transfer the action to the Colbert Circuit Court on the basis of the doctrine of forum non conveniens. See § 6-3-21.1, Ala.Code 1975. The trial court denied Navistar’s motion.

Standard of Review

“In Ex parte Kane, 989 So.2d 509, 511 (Ala.2008), we stated the standard of review in a similar setting as follows:
“ ‘ “The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus.” Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). A writ of mandamus is appropriate when the • petitioner can demonstrate “(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala.2001). Additionally, this Court reviews mandamus petitions challenging a ruling on venue on the basis of forum non conveniens by asking whether the trial court exceeded its discretion. Ex parte Fuller, 955 So.2d 414 (Ala.2006); Ex parte Verbena United Methodist Church, 953 So.2d 395 (Ala.2006). Our review is limited to only those facts that were before the trial court. Ex parte Pike *221 Fabrication, Inc., 859 So.2d 1089, 1091 (Ala.2002).’ ”
Ex parte Bama Concrete, 8 So.3d 295, 296 (Ala.2008).

Analysis

Navistar, among other arguments, contends that the trial court exceeded the scope of its discretion in denying Navistar’s motion to transfer, which was based on the “interest of justice” prong of the doctrine of forum, non conve-niens, because, it says, Colbert County has a connection to this action and Barbour County has little or no connection other than that an unrelated purchaser of Navis-tar trucks of the same model is located in Barbour County.[1]
In Ex parte McKenzie Oil Co., 13 So.3d 346, 348 (Ala.2008), this Court set forth the applicable law, stating:
“Alabama Code 1975, § 6-3-21.1, Alabama’s forum non conveniens statute, provides when an action must be transferred under the doctrine of forum non conveniens:
“ ‘With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein. ...’
“Ala.Code 1975, § 6-3-21.1(a).
“A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, that the transfer is justified based either on the convenience of the parties and witnesses or in the ‘interest of justice.’ Ex parte Masonite Corp., 789 So.2d 830, 831 (Ala.2001); Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998). ...
“... Furthermore, the ‘interest of justice’ prong of § 6-3-21.1 requires ‘the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.’ Ex parte National Sec. Ins. Co., 727 So.2d at 790. Thus, ‘in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the “nexus” or “connection” between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008).
(Footnote omitted.)
Navistar contends that transfer of this action to Colbert County is in the “interest of justice” because, it argues, Colbert County, the county in which the accident occurred, has a legal connection to the action while Barbour County does not. In support of its argument that there is no legal nexus between this case and Barbour County, Navistar points out that Price does not reside in Barbour County, that the allegedly defective truck driven by Edwards was not purchased in Barbour County, and that the accident did not occur in Barbour County. Navistar acknowledges that it has a customer in Barbour County that purchases its trucks; however, it reasons that this fact does not create a legal nexus in a forum non conve-niens analysis to warrant burdening Barbour County with the action and that the *222 interest of justice requires the transfer of the case to Colbert County.
Price disagrees, arguing that Barbour County has a connection to the action and that the interest-of-justice prong of § 6-3-21.1, Ala.Code 1975, does not require the transfer of the case to Colbert County. Price maintains that in a product-liability action such as this one the location of the accident is not the focus of a venue analysis because
“in an action for injuries caused by an allegedly defective product, the ‘wrongful acts or omissions of the corporate defendant’ are acts such as ‘designing, manufacturing, assembling, distributing, and selling’ the allegedly defective product ....”
Ex parte Volvo Trucks North America, Inc., 954 So.2d 583, 587 (Ala.2006). Thus, Price concludes that Colbert County, where the accident occurred, has little to no connection with the action. According to Price, the
“broader implications of the general public’s interest in the safety of this defective product overcomes any local interest in Colbert County, in light of the fact that it was only happenstance that the accident occurred in Colbert ■ County.”
(Price’s response at pp. 26-27.)
In support of her argument, Price states that in the last 5 years Navistar has sold approximately 735 of the same model trucks as the one Edwards was driving at the time of the accident to Boyd Brothers Transportation, Inc., a trucking company whose headquarters are located in Barbour County. The materials before us indicate that Boyd Brothers negotiated the purchase of these trucks over the telephone, that a Navistar representative mailed the sales contracts to Boyd Brothers to execute their purchases, and that these trucks were delivered by Navistar to Boyd Brothers’ facilities in either Springfield, Ohio; Cincinnati, Ohio; or Atlanta, Georgia. Price maintains that
“[t]he large volume of these defective vehicles purchased and used by Boyd Brothers Transportation, Inc., in Barbour County ‘touch the affairs of many persons,’ giving the trial court and the Barbour County community a strong safety interest in having issues related to the claims of defective Navistar trucks tried in their county close to public view. At worse, this evidence demonstrates that Barbour County has an equal nexus in the product liability claims alleged in this case as [does] the community of Colbert County.”
(Price’s response at p. 28.)
We reject Price’s argument and, under facts like these, where the allegedly defective product was not sold in the selected venue and the only connection between the plaintiffs selected venue and the product-liability action is the facts that a purchaser of other Navistar trucks of the same model is located in the selected venue and that those other trucks are used in the selected venue, we conclude that a legal connection does not exist to warrant burdening the plaintiffs selected forum with the action and that, in the interest of justice, the action must be transferred. The facts that a purchaser of other Navistar trucks of the same model, who has no involvement in the action, resides in the venue selected by Price and that other Navistar trucks of the same model are used in the selected venue but have not exhibited the alleged defect in that venue do not provide a legal connection in a product-liability action to overcome a motion to transfer based on the doctrine of forum non conveniens. The venue in which the product evidenced its alleged defect — the place where the accident occurred and potential witnesses reside — has a legal connection that in the *223 interest of justice requires a transfer of this case to that venue.
Here, Colbert County has a legal connection to this action because, even though it may have been happenstance that the alleged defect evidenced itself in Colbert County, that happenstance at a minimum has already impacted the lives of the employees and citizens of Colbert County and provides a legal connection to warrant transfer of this action to Colbert County. The facts that a purchaser of other Navis-tar trucks of the same model resides in Price’s selected venue — Barbour County— and that those other trucks are used in the selected venue are too tenuous to establish a legal connection justifying burdening Barbour County with the trial of this case. Consequently, Navistar has shown that having the case heard in Colbert County serves the interest of justice. See Ex parte National Sec. Ins. Co., 727 So.2d 788, 790 (Ala.1998)(holding that interest of justice required transfer of action from a county where “no witness, no document, no transaction, or anything else ... would give the action a nexus with [the county selected by the plaintiff] that would justify burdening that county with the trial of the case”). Because Navistar has demonstrated that the interest of justice requires a transfer of this case, we do not address the other arguments presented.

Conclusion

We hold that the interest-of-justice prong of § 6-3-21.1 requires the transfer of this action from Barbour County to Colbert County. We therefore grant Nav-istar’s petition for the writ of mandamus and direct the trial court to enter an order transferring the case from the Barbour Circuit Court to the Colbert Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, and SHAW, JJ., concur.
MURDOCK, J., concurs in the result.

. Because Navistar does not present any venue argument other than a forum non conve-niens argument, Navistar has waived any venue argument pursuant to § 6-3-7, Ala.Code 1975, which provides the venues for civil actions against corporations.