STUART, Justice.
Wayne Farms, LLC, petitions this Court for a writ of mandamus ordering the Bullock Circuit Court to vacate its order *588 denying Wayne Farms’ motion for a change of venue and to enter an order transferring the underlying action to the Pike Circuit Court. We grant the petition and issue the writ,

Facts and Procedural History

Ben F. Hicks and Imogene W. Hicks owned and operated a chicken farm in Pike County. In April 2013, Imogene entered into an agreement, entitled the Union Springs Broiler Flock Agreement, in which Wayne Farms agreed to deliver flocks of broiler chicks to the Hickses’ farm. Imogene agreed to grow and care for the chicks until the chicks reached a marketable weight, at which times Wayne Farms was to return to the farm to pick them up. On October 22, 2013, Ronnie King, an employee of Wayne Farms, drove a tractor-trailer owned by Wayne Farms to the Hickses’ farm to pick up a load of chickens. After the chickens were loaded, King began to drive the tractor-trailer away. Before King left the Hickses’ property, the loaded trailer detached from the tractor and overturned, pinning Ben to the ground and causing him to be injured.
On June 5, 2015, Ben and Imogene sued Wayne Farms and King in Bullock County, alleging claims of negligence and wantonness and seeking damages for Ben’s injuries. On July 9, Wayne Farms moved the Bullock Circuit Court to transfer the action to the Pike Circuit Court. In its motion, Wayne Farms acknowledged that venue was proper in Bullock County but maintained that, pursuant to the doctrine of forum non conveniens, see § 6-3-21.1, Ala.Code 1975, in the interest of justice and for the convenience of the parties and witnesses, the action should be transferred to Pike County. In support of its motion, Wayne Farms attached an affidavit from William T. Sipper, the compliance manager for Wayne Farms who investigated the incident on the Hickses’ farm. He averred:
“Mrs. Hicks grew chickens for Wayne Farms for over 40 years at her Pike County farm. Most recently, Mrs. Hicks executed a Broiler Flock Agreement in April 2013 by which Mrs. Hicks agreed to grow and care for broiler birds owned by Wayne Farms at her farm in Pike County. Both Mrs. Hicks and Tony Wood, a Wayne Farms Live Production manager, executed the Broiler Flock Agreement in Pike County. Mark Sanders, who was Mrs. Hicks’[s] Wayne Farms field representative, visited Mrs. Hicks’[s] farm on a weekly or bi-weekly basis to meet and discuss the operation, growing conditions and other matters. Mr. Sanders and Mr. Wood are knowledgeable about the Broiler Flock Agreement, the relationship between Mrs. Hicks and Wayne Farms, Mrs. Hicks’[s] farming operation, the profitability of Mrs. Hicks’[s] farm and other related matters. Although Mr. Sanders lives in Crenshaw County, his current employment requires him to travel to Pike County almost every work day. Likewise, Mr. Wood now oversees Wayne Farms’[ ] Enterprise operation in Coffee County, which is approximately 24 miles from the Pike County Courthouse and approximately 55 miles from the Bullock County Courthouse.
“As set out in the Broiler Flock Agreement, a live haul operation, which is when Wayne Farms picks up its broiler birds from its growers, was scheduled for October 22, 2013. During the live haul operation, the tractor-trailer hauling a load of chickens overturned and injured Mr. Ben Hicks.
“The Meeksville Volunteer Fire Department, which is in Pike County, the Pike County Fire & Rescue and the City of Troy Fire Department responded to the scene of the accident. Specifically, *589 the Meeksville Volunteer Fire Department responders included Chief Louis Davis, Joseph Walker, Samantha Davis and Thomas Davis, all of whom lived and worked in Pike County at the time of the accident and at the present time. Although the City of Troy Fire Department will not release the names of the personnel who responded to the accident or their report regarding the accident, I believe most, if not all, of the City of Troy responders lived and worked in Pike County at the time of the accident and likely at the present time as well.
“Also, Care Ambulance, out of Troy, responded to the accident and transported Mr. Hicks to the Troy Regional Medical Center Emergency Room where he was examined and then admitted for treatment. All of the nurses, physicians, therapists and other medical providers who examined and treated Mr. Hicks at Troy Regional Medical Center worked in Pike County and the records related to them treatment are also likely located in Pike County. Upon information and belief, Mr. Hicks’s primary care physician who provided care both before and after the accident is located in Pike County.
“After the accident, several Wayne Farms employees met with Mr. and Mrs. Hicks at their home in Pike County to discuss what Wayne Farms could do to help Mr. Hicks recover while also discussing the Hickses’[] concerns regarding when Mrs. Hicks might be able to take another batch of chickens. Michael Simmons, a Wayne Farms Broiler Manager and Kris Torbert, a Wayne Farms Live Production Manager, met at the Hicks[es]’ farm and offered to provide the Hickses with labor to assist in doing the work that Mr. Hicks did before the accident. Mr. Simmons lives and works in Troy (Pike County), Alabama. Although Mr. Torbert lives in Houston County, he maintains an office in both Houston and Pike Counties.
“Mr. Simmons is also very knowledgeable about the workings of the live production aspect of Wayne Farms’[ ] operation as well as the financial prospects of the business from the grower’s perspective. Also, Mr. Simmons inspected the feed bins at Mrs. Hicks’s Pike County farm after the accident and obtained an estimate for the cost of repair.
‘Wayne Farms’[] operation in Pike County is extensive and includes the entire live production department, including a feed mill and hatchery, as well as the accounting department. On the other hand, the only portion of Wayne Farms’! ] operation in Bullock County is a processing plant. Also, all of the record and documents regarding Wayne Farms’!] contracts with the Hicksfes], payments to the Hicksfes], Grower Settlement Summaries and other related documents are located in Pike County.
“Also, I searched online and discovered that the distance from the Hickses’ home to the Pike County Courthouse is approximately 4 miles while the distance from the Hickses’ home to the Bullock County Courthouse is nearly 35 miles.”
On October 29, 2015, the Hickses responded to Wayne Farms’ motion for a change of venue. In their response, they maintained that Wayne Farms had failed to show that transferring the case from a county where one of the defendants resided to a county where no defendant resided would be “significantly more convenient” or “in the interest of justice.” In support of their position, they attached a copy of King’s response to the plaintiffs’ first interrogatories, in which King stated that his residence was approximately 7 miles from the Bullock County Courthouse and that “it would be substantially more convenient *590 for [him] if the trial in this case [was] held in Bullock County, Alabama.”
On October 30, 2015, Wayne Farms further supplemented its motion for a change of venue by filing affidavits from Michael Simmons, a broiler manager for Wayne Farms; Dustin L. Stinson, a physical-therapist assistant; Kris Torbert, a live-operations manager for Wayne Farms; and Tony Joe Wood, a live-production manager for Wayne Farms. On December 4, 2015, Wayne Farms filed additional affidavits from Louis Davis, chief of the Meeksville Volunteer Fire Department; Deborah Griffin, a physical therapist at Southeast Alabama Medical Center; Mark Sanders, a former Wayne Farms’ field representative; and Christopher Schwan, a former emergency medical technician who responded to Ben’s accident. These individuals averred that they had knowledge about the case, that they had worked or did work in Pike County, and that it would be more convenient for them if the case was tried in Pike County.
On December 7, 2015, the Bullock Circuit Court conducted a hearing to address Wayne Farms’ motion for a change of venue. On December 8, 2015, King submitted an affidavit stating that he is a legal resident of Bullock County and that he opposed the motion to transfer the case to Pike County.
On December 10, 2015, the Bullock Circuit Court entered an order denying Wayne Farms’ motion for a change of venue, stating:
“This matter comes before the court on the motion to transfer venue filed by Wayne Farms pursuant to Alabama Code 1975, § 6-3-21.1. The court has reviewed the evidence submitted by the parties in support of and in opposition to the motion. The court held a hearing on the motion to transfer on December [7], 2015, and heard arguments from attorneys for the [Hickses] and Wayne Farms. [King], who resides in Bullock County, did not appear at the hearing, but filed an affidavit with the court wherein he specifically stated that he wanted 'the case to remain in my home county.’ Mr. King’s affidavit also noted that his former employer, Wayne Farms, ‘has a large presence in my home county and engages in daily activities through a number of employees on a daily basis.’ Prior to the filing of the affidavit, King had also filed an answer to plaintiffs’ interrogatories in which he stated that his residence was only 7 miles from the Bullock County Courthouse and that it would be ‘substantially more convenient for me if the trial in this case is held in Bullock County, Alabama.’
“Having reviewed the submissions as to convenience, the court finds that [Wayne Farms] has not met [its] burden. This court is also required to decide the second prong of the statute, that dealing with the interest of justice. Wayne Farms is required to prove that there is no significant connection between this court and the [Hickses’] action, and that it would be in the interest of justice to have this case transferred to Pike County, Alabama. After reviewing the evidence, and considering the arguments of the parties at the hearing, the court finds the following: that Wayne Farms has not met its burden of proof; that there is a strong and therefore sufficient connection between the forum (Bullock County) where this action was filed and the [Hickses’] action; that there is a very strong connection between this case and Bullock County; that Wayne Farms has a large physical plant and a substantial business presence in Bullock County; [that] King resides in the county; and [that] Wayne *591 Farms, therefore, has a strong connection to Bullock County; that King has not joined Wayne Farms in requesting a transfer and has filed an affidavit stating that to transfer the case to Pike County would not be in the interest of King.
“The court finds that there would be no burden on the judicial resources of Bullock County for this action to remain in this court and that the interest of justice does not require a transfer of this action to Pike County.
“For the reasons stated above, it is the judgment of this court that Wayne Farms’[] motion to transfer venue is due to be and is hereby denied.”
On January 21, 2016, Wayne Farms petitioned this Court for a writ of mandamus directing the Bullock Circuit Court to vacate its order denying its motion for a change of venue and to enter an order transferring the underlying action to Pike County. On February 24, 2016, this Court ordered answers and briefs.

Standard of Revieiv

“ ‘A petition for a writ of mandamus is the appropriate “method for obtaining review of a denial of a motion for a change of venue” pursuant to § 6-3-21.1. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998)....
[[Image here]]
‘““A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified ⅛ the interest of justice.’” Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where “the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala.Code 1975, compels the trial court to transfer the action to the alternative forum.” Ex parte First Tennessee Bank Nat’l Ass'n, 994 So.2d 906, 912 (Ala.2008)(emphasis added).’
“Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala.2011).”
Ex parte Quality Carriers, Inc., 183 So.3d 937, 940-41 (Ala.2015).

Discussion

Wayne Farms contends that the Bullock Circuit Court exceeded the scope of its discretion in denying its motion to transfer the underlying action from Bullock County to Pike County because, it says, the interest of justice requires that the underlying action be heard in Pike County. Wayne Farms does not dispute that Bullock County is an appropriate venue; however, it maintains that the interest-of-justice prong of § 6-3-21.1 requires a transfer of the action to Pike County. Specifically, it argues that Pike County has a strong connection to the case because all the events giving rise to the Hickses’ claims occurred in Pike County and that Bullock County’s connection to the case is minimal—namely, the facts that King resides there and that Wayne Farms operates a processing facility there. Thus, Wayne Farms reasons that the interest-of-justice prong of Alabama’s forum non con-veniens statute requires the Bullock Circuit Court to transfer the case to the Pike Circuit Court.
Wayne Farms has moved this Court to strike certain exhibits attached to the Hickses’ response to its mandamus petition and to strike any arguments based *592 upon those exhibits because those exhibits were not before the Bullock Circuit Court at-the time the Bullock Circuit Court denied the motion for a change of venue. Specifically, Wayne Farms objects to this Court’s consideration of Exhibit F, which is a fact sheet showing that Wayne Farms operates a processing facility in Bullock County; Exhibit G, which is a location map indicating the locations of Wayne Farms’ facilities; and Exhibit 0, which is a copy of the Union Springs Broiler Flock Agreement executed by Imogene and Wayne Farms. The Hickses oppose Wayne Farms’ motion to strike, maintaining that, even though the Bullock Circuit Court did not have those exhibits when it ruled on the motion, those exhibits were either referenced in the pleadings or evidence information about which the circuit court had judicial knowledge. “It is well settled that ‘in a mandamus proceeding, this Court will not consider evidence not presented to the trial court.’ Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala. 2010).” Ex parte Alabama Med. Ctr., 109 So.3d 1114, 1117 (Ala.2012). Accordingly, we will not consider Exhibits F, G, and O or any arguments based on those exhibits.[1]
“Section 6-3-21.1, Ala.Code 1975, provides, in pertinent part:
“ With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.’
“(Emphasis added.)
“ ‘Historically, the plaintiff has had the initial choice of venue under the system established by the legislature for determining venue. Before the enactment of § 6-3-21.1 by the Alabama Legislature in 1987, a plaintiffs choice of venue could not be disturbed on the basis of convenience to the parties or the witnesses or in the interest of justice. With the adoption of § 6-3-21.1, trial courts now have “the power and the duty to transfer a cause when ‘the interest of justice’ requires a transfer.” Ex parte First Family Fin. Servs., Inc., 718 So.2d 658, 660 (Ala.1998)(emphasis added). In First Family, this Court noted that an argument that trial judges have almost unlimited discretion in determining whether a case should be transferred under § 6-3-21.1 “must be considered in light of the fact that the Legislature used the word ‘shall’ instead of the word ‘may’ in § 6-3-21.1.” 718 So.2d at 660. This Court has further held that “Alabama’s forum non conveniens statute is compulsory.” Ex parte Sawyer, 892 So.2d 898, 905 n. 9 (Ala.2004).’
“Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748-49 (Ala.2010).
“ ‘The “interest of justice” prong of § 6-3-21.1 requires “the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.” Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala.1998) ]. Therefore, “in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the ‘nexus’ *593 or ‘connection’ between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.” Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008). Additionally, this Court has held that “litigation should be handled in the forum where the injury occurred.” Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider “the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.” Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007).’
“Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008).”
Ex parte Quality Carriers, Inc., 183 So.3d at 942.
Here, Wayne Farms has established that, even though King resides in Bullock County and it operates a processing facility there, Pike County’s connection to the claims in this case is strong and Bullock County’s connection is weak. The Hickses are Pike County residents. The accident from which all the claims arise occurred on the Hickses’ farm, which is located in Pike County. Most of the emergency personnel who responded to the accident are located in Pike County. Ben received medical treatment from several medical providers in Pike County. Wayne Farms presented evidence indicating that its “operation in Pike County is extensive and includes the entire live production department, including a feed mill and hatchery, as well as the accounting department” and that all the interactions and business transactions between Wayne Farms and the Hickses occurred in Pike County. Although the Hickses are correct that the case has a connection with Bullock County because King is a resident of Bullock County and Wayne Farms operates a processing facility there, the overall connection between Bullock County and this case is weak and the connection between the case and Pike County is strong. As we stated in Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 750 (Ala.2010), with bracketed changes to reflect this case: “This Court sees no need to burden [Bullock] County, with its weak connection to the case, with an action that arose in [Pike] County simply because the individual defendant resides in [Bullock] County and the corporate defendant does some business there.” The Bullock Circuit Court exceeded the scope of its discretion when it denied Wayne Farms’ motion for a change of venue; the interest of justice requires that the underlying action be transferred.[2] See Ex parte Quality Carriers, Inc., supra; Ex parte J & W Enters., 150 So.3d 190 (Ala.2014); Ex parte Autauga Heating & Cooling, supra; and Ex parte McKenzie Oil Co., 13 So.3d 346 (Ala. 2008).

Conclusion

Wayne Farms has demonstrated a clear legal right to a writ of mandamus directing the Bullock Circuit Court to vacate its order denying Wayne Farms’ motion for a change of venue and to enter an order transferring the underlying action to Pike County.
*594 PETITION GRANTED; WRIT ISSUED.
BOLIN, WISE, and BRYAN, JJ., concur.
PARKER, J., concurs in the result.
MURDOCK and MAIN, JJ., dissent.
SHAW, J., recuses himself.

. The Hickses are correct that the Union Springs Broiler Flock Agreement was referenced in several of the pleadings before the Bullock Circuit Court. However, a copy of the agreement was never presented to the circuit court; therefore, any arguments based on the language in the agreement will not be considered.

. Because we conclude that the interest of justice mandates that the underlying action be transferred to Pike County, we pretermit discussion of the convenience-of-the-parties-and-witnesses prong addressed in the petition.