MAIN, Justice.
Tier 1 Trucking, LLC (“Tier 1”), and James Martin Gray, Jr. (hereinafter referred to collectively as “the defendants”), petition this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its order denying the defendants’ motion for á change of venue and to enter an order transferring this action to the Cone-cuh Circuit Court. We grant the petition and issue'the writ,
Facts and Procedural History
On December 8, 2015, Jimmy Lee Mixon (“Jimmy”) and Jackie P. Mixon sued the defendants in the Wilcox Circuit Court "alleging negligence and/or wantonness in connection with an automobile accident that occurred on November 3, 2014. The following facts are undisputed. Jimmy was driving his vehicle on a highway in Cone-cuh County when his vehicle collided with a tractor-trailer owned by.-Tier l and operated by-Gray, who was an employee of Tier 1, Gray resides in Conecuh County. The-.accident was investigated by the Cast-leberry Police Department, which is located in Conecuh County. The Mixons reside in Wilcox- County, and Tier 1 -has done some business in Wilcox County. Tier l’s principal office is in Jay, Florida.
On January 13, 2016, the defendants filed a “motion to dismiss/transfer for improper venue.” In that motion, the defendants argued that Wilcox County Was not a proper venue for this action because, they said,-Tier 1 had not conducted business in Wilcox County and, thus, this civil action . could not be • brought in Wilcox County under § 6-3-7(a), Ala. Code 1975.[1] The defendants supported the motion with the affidavit of Derek Bray, who is the *1109 owner of Tier-1. However, on February 11, 2016, the defendants filed an “amended motion to transfer venue” in which they stated that, during the course of discovery, Bray realized that Tier 1 had done business in Wilcox County. Specifically, between September 2014 and December 2014, Tier 1 had hauled timber to a paper mill in Pine Hill, which is located in Wilcox County. In a new affidavit, Bray stated that, when he gave his original affidavit, he did not realize that Pine Hill is located in Wilcox County. Accordingly, in their amended motion, the defendants conceded that venue is proper in Wilcox County. Nevertheless, the defendants argued that the action should be transferred “for the convenience of parties and witnesses, or in the interest of justice,” to either Conecuh County or Escambia County under Alabama’s forum non conveniens statute, § 6-3-21.1(a), Ala. Code 1975. The defendants stated that Conecuh County is where the accident occurred, where Gray resides, where the accident was investigated, and where Jimmy was taken to the hospital immediately following the accident. Additionally, the defendants stated that Escam-bia County is where Tier 1 conducts a substantial portion of its business and where Tier l’s sister company is located. The defendants also noted that the county seat of Escambia County is only about 14 miles from Jay, Florida, where Tier l’s principal office is located.
On March 3,2016, the Mixons responded to the defendants’ motion to transfer. The Mixons argued that, under Rule 12, Ala. R. Civ. P., the defendants had “waived forum non conveniens as a basis to transfer venue” because the doctrine of forum non conveniens was not raised in the defen-, dants’ first motion. The Mixons further argued that the defendants “have not and cannot meet the standard for transfer on the basis of forum non conveniens.” The Mixons argued that the connections of the action to Wilcox County are stronger than the connections to Conecuh County or Es-cambia County. Specifically, the Mixons stated that, due to the injuries Jimmy sustained in the accident, he has difficulty traveling far from his home, in Wilcox County. The Mixons submitted an affidavit of Jimmy’s son, Antonio Mixon (“Antonio”), and an affidavit of Jimmy’s daughter-in-law, Ieshia McCall. Both affidavits stated that Jimmy has suffered with extreme pain since the accident, that Jimmy is no longer able to do normal household chores or spend much time with his grandchildren, and that Antonio and McCall visit and help Jimmy “weekly if not daily.” Both affidavits further stated that, “due to being at [Jimmyj’s house the majority of the time, it would be easier and much more convenient if the case were to stay to be tried in Wilcox County, as I am there a lot with [Jimmy].” Neither affidavit stated where Antonio or McCall • currently resides.
On March 4, 2016, the trial court conducted a hearing on the motion to transfer. On March 7, 2016, the trial court issued an order stating that “the parties [are] allowed until 3/9/16 to submit supplemental arguments and documents.”
On March 8, 2016, the Mixons supplemented their response by. submitting an affidavit of the police officer who had investigated the accident. In that affidavit, the officer stated that it would not be inconvenient for him to travel to Wilcox County for a trial.
On March 9, 2016, the defendants filed a reply to the Mixons’ response to the motion to transfer. In that reply, the defendants continued to argue that the action should be transferred to the Conecuh Circuit Court under the doctrine of forum non conveniens because, they said, the action has strong connections to Conecuh County and only a weak connection to Wilcox County. It appears that the defendants *1110 dropped their argument that the action should be transferred to Escambia County. The defendants attached four exhibits to their reply. Those four exhibits included: (1) a document from the Conecuh County Emergency Medical Service (“Conecuh County EMS”) showing that it transported Jimmy to the Evergreen Medical Center on the day of the accident, (2) a certification of medical records from the Evergreen Medical Center showing that Jimmy was treated at that medical center on the day of the accident, (3) a handwritten statement from Michael Cooper, a mechanic in Conecuh County, who stated that he repaired the Tier 1 tractor-trailer involved in the accident and that it would be a hardship on him to travel to Wilcox County to testify in a trial, and (4) a handwritten statement from Bray stating that it would be a hardship on him and would interrupt his business if he had to travel to Wilcox County.
The next day, on March 10, 2016, the trial court issued an order that stated:
“Defendants’ motion to dismiss/transfer for improper venue filed by Tier 1 Trucking, LLC and Gray James Martin Jr. is hereby denied.
“Upon consideration of the pleadings, arguments of counsel on 3-4-16 whereupon counsel agreed that Wilcox County is a proper forum, and the supplemental documents filed, Wilcox County is a more convenient forum to litigate this case.
“Therefore, the motion to transfer is denied.”
Standard of Review
“ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). “When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.” Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).’”
Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371, 373 (Ala.2012) (quoting Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998)).
Discussion
The defendants petition this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its order denying the defendants’ motion for a change of venue and to enter an order transferring this action to the Conecuh Circuit Court. The defendants argue that that the action should be transferred “for the convenience of parties and witnesses, or in the interest of justice,” to the Conecuh Circuit Court under Alabama’s forum non conveniens statute, § 6-3-21.1(a), Ala. Code 1975.
The Mixons have moved this Court to strike certain exhibits that the defendants submitted to the trial court and that are now attached to the defendants’ mandamus petition. The Mixons also ask this Court to consider an exhibit that they have attached to their motion to strike but that was not presented to the trial court. Specifically, the Mixons move this Court to *1111 strike the four exhibits that were attached to the reply that the defendants filed in the trial court on March 9, 2016. Those exhibits included: (1) the document from the Conecuh County EMS showing that it transported Jimmy to the Evergreen Medical Center on the day of the accident, (2) the certification of medical records from the Evergreen Medical Center showing that Jimmy was treated at that medical center on the day of the accident, (3) the handwritten statement from the mechanic in Conecuh County who stated that he repaired the Tier 1 tractor-trailer involved in the accident and that it would be a hardship on him to travel to Wilcox County to testify in a trial, and (4) the handwritten statement from Bray stating that it would be a hardship on him to travel to Wilcox County. The Mixons argue that, before filing the reply, “the defendants had never argued that Wilcox County was not convenient for any third-party witnesses, and had not identified any such witnesses.” The Mixons’ motion to strike, at 3. According to the Mixons,
“the defendants’ belated identification and new argument prevented the Mix-ons from responding, as the reply was filed less than 24 hours before the trial court’s ruling. Because the Mixons did not get an opportunity to respond to these new arguments, this Court should not consider them.”
The Mixons’ motion to strike, at 3-4.
The Mixons also state that the four exhibits are inadmissible because they are either unsworn statements or unauthenticated documents. The Mixons further state that, if this Court considers the four exhibits, this Court should also consider an exhibit that is attached to the Mixons’ motion to strike and that was never presented to the trial court. That exhibit shows that Jimmy was treated by a doctor at the Montgomery Spine Center months after the accident.
“It is well settled that, ‘in a mandamus proceeding, this Court will not consider evidence not presented to the trial court.’ Ex parte Cincinnati Ins. Co., 51 So.3d 298, 310 (Ala.2010).” Ex parte East Alabama Med. Ctr., 109 So.3d 1114, 1117 (Ala.2012). The Mixons’ exhibit showing that Jimmy was treated by a doctor at the Montgomery Spine Center months after the accident was not presented to the trial court; thus, we will not consider that exhibit in this mandamus proceeding.
Further, the four exhibits attached to the defendants’ reply were presented to the trial court before it ruled, and the trial court specifically stated that it considered “the supplemental documents filed” when it ruled. Thus, we see no reason to strike those exhibits in this mandamus proceeding. Contrary to the Mixons’ contention, the defendants did not present a new argument in their March 9 reply. Instead, that reply continued to argue that the action should be transferred to the Conecuh Circuit Court under the doctrine of forum non conveniens. The reply simply contained supplemental arguments and documents, which were specifically allowed by the trial court’s March 7 order that stated that “the parties [are] allowed until 3/9/16 to submit supplemental arguments and documents.” Therefore, because the challenged exhibits were properly before the trial court when it ruled, we deny the Mixons’ motion to strike.
Section 6—3—21.1(a), Ala. Code 1975, which codifies the doctrine of forum non conveniens, provides, in pertinent part:
“With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and *1112 the case shall proceed as though originally filed therein.” ■
Concerning the Mixons’ argument before the trial court that, under Rule 12, Ala. R, Civ. P., the defendants had Waived forum non conveniens as a basis to transfer venue” because the doctrine of forum non conveniens was not raised in the defendants’ first motion, we note that this Court has previously rejected a similar argument. Specifically, this Court has stated that “[a] defendant may move the court for a change of venue based on the doctrine of forum non conveniens even when this ground is not raised in the initial pleading.” Ex parte Harper, 934 So.2d 1045, 1048 (Ala.2006). Therefore, this argument is not a proper basis for denying the defendants’ motion to transfer this action to the Conecuh Circuit Court under the doctrine of forum non conveniens.
Next, concerning whether an action should be transferred under § 6-3-21.1, this Court has stated:
“ ‘A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the -witnesses, or (2) that the transfer is justified “in the interest of justice.” ’ Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala.2008). Although we review a ruling on 'a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id. where ‘the convenience, of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala. Code 1975, compels the trial court to transfer the action to the alternative forum.’ Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 912 (Ala.2008) (emphasis added).”
Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala.2011).
“ ‘The purpose of the doctrine of forum non conveniens is to “prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience.”’ Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala.2003) (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala.1995)). We note that ‘litigation should be. handled in the forum where the injury occurred’ and that ‘one of the fundamental purposes of the.doctrine of forum non conveniens is to spare witnesses the unnecessary inconvenience associated with testifying in a distant forum.’ Ex parte Sawyer, 892 So.2d 898, 904 (Ala.2004).”
Ex parte Kane, 989 So.2d 509, 512 (Ala.2008).
“‘The “interest of justice” prong of § 6-3-21.1- requires “the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.” Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala.1998) ]. Therefore, “in . analyzing the interest-of-justice prong-of § 6-3-21.1, this Court focuses on whether the ‘nexus’ or ‘connection’ between the plaintiffs action and the original forum is strong enough to warrant burdening the plaintiffs forum with the action.” Ex parte First Tennessee Bank Nat’l Ass’n, 994 So.2d 906, 911 (Ala.2008), Additionally, this Court has held that “litigation should be handled in the forum where the injury occurred.” Ex parte Fuller, 955 So.2d 414, 416 (Ala.2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider “the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to pub- *1113 lie view in their county.” Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala.2007)
Ex parte Quality Carriers, Inc., 183 So.3d 937, 942 (Ala.2015) (quoting Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala.2008)).
“Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748 (Ala. 2010) (‘ “[T]his Court has held that ‘litigation should be handled in the forum where the injury occurred.”” (quoting Ex parte Indiana Mills, 10 So.3d at 540)); Ex parte McKenzie Oil, Inc., 13 So.3d 346, 349 (Ala.2008) (same).”
Ex parte Wachovia, 77 So.3d at 573-74.
On multiple occasions, this Court has found that a venue where the accident occurred, where a party resides, and where other witnesses reside has a much stronger connection to the action than a venue where the only connection with the action is that a party resides there and a defendant does some business there. See, e.g., Ex parte Kane, 989 So.2d 509, 513 (Ala.2008) (requiring transfer of a personal-injury action for “both the convenience of the parties and witnesses and the interest of justice” from a venue where the plaintiff resided and where the defendant automobile-liability insurer had done some business to a venue where the accident occurred and where the alleged tortfeasor, the investigating officer, and all the other witnesses that had been identified resided); Ex parte Wayne Farms, LLC, 210 So.3d 586 (Ala.2016) (holding that the interest of justice required transfer of a personal-injury action from a venue where an individual defendant resided and where the corporate defendant did some business to a venue where the accident occurred, where the plaintiffs resided, where most of the emergency personnel who responded to accident were located, where one plaintiff received medical treatment, and where all interactions and business transactions between the corporate defendant and the plaintiffs occurred); Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745 (Ala.2010) (holding that the interest of justice required transfer of a personal-injury action from a venue where one of the defendants resided and where the corporate defendant “may have some business connections” to a venue where the accident occurred, where the plaintiff resided, and where the emergency medical technician who responded to the accident resided).
On one occasion, in Ex parte J & W Enterprises, 150 So.3d 190 (Ala.2014), this Court held that, under the specific facts of that case, the interest-of-justice prong of the forum non conveniens statute did not warrant transfer to the venue where the accident occurred. However, in that particular case, unlike in the present case, none of the parties lived in the venue where the accident occurred, the injured plaintiff did not receive medical treatment in that venue, and no eyewitnesses were located in that venue. Furthermore, both defendants were located in the venue where the action was filed, and the plaintiff resided outside Alabama.
In the present case, the only connections to Wilcox County are that the Mixons reside there and that Tier 1 has conducted some business there that was not related to this action. The undisputed facts show that the accident occurred in Conecuh County, that one of the defendants resides in Conecuh County, and that law-enforcement personnel in Conecuh County carried out the investigation of the accident. Furthermore, there is evidence indicating that Jimmy received medical treatment in Co- *1114 necuh County. Under our prior decisions construing § 6-3-21.1, this Court gives great weight to the fact that the accident occurred in Conecuh County and to the fact that no material events occurred in Wilcox County. Further, other than the plaintiffs, no potential witnesses who reside in Wilcox County have been identified. The Mixons’ response to the defendants’ motion to transfer was supported only by the affidavits of Antonio and McCall, and those affidavits did not state where they currently reside. Also, although the affidavit of the police officer who investigated the accident stated that it would not be inconvenient for him to travel to Wilcox County, he is employed by a local police department located in Conecuh County that is tasked with serving the people of Conecuh County, and his investigation occurred in Conecuh County. There is no reason to burden the people of Wilcox County with the use of their court services and other resources for a case that predominately affects another county, and we recognize the interest of the people of Conecuh County to have a case that arose in their county tried close to public view in their county. Wilcox County, with its weak connection to the case, should not be burdened with an action that arose in Conecuh County, with its strong connection to the case, simply because the plaintiffs reside in Wilcox County and the corporate defendant has done some business there. See Ex parte Autauga Heating & Cooling, 58 So.3d at 750 (stating that “[t]his Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there”). Therefore, under § 6-3-21.1, the trial court is compelled to transfer the case to Conecuh County. See, e.g., Ex parte Wachovia, 77 So.3d at 573.
Conclusion
Based on the foregoing, we hold that the defendants have demonstrated a clear legal right to a writ of mandamus directing the Wilcox Circuit Court to vacate its order denying the defendants’ motion for a change of venue and to enter an order transferring this action to the Conecuh Circuit Court.
MOTION TO STRIKE DENIED; PETITION GRANTED; WRIT ISSUED.
Stuart, Bolin, Parker, Wise, and Bryan, JJ., concur.
Shaw, J., concurs in the result.
Murdock, J., dissents.

. Section •§ 6-3-7(a), Ala. Code 1975, provides; , .
“(a) All civil actions against corporations may be brought in any of the following counties;
"(l) In the county in which a substantial part of the events or omissions giving rise to the, claim occurred, or a substantial part of real property that is the subject of the action is situated; or
"(2) In the county of the corporation's principal office in this state; or.
“(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiff's residence; or
"(4) -If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.''