PARKER, Justice.
Midsouth Paving, Inc. ("Midsouth"), Rennie D. Jackson, United Services Automobile Association ("USAA"), and Schaeffler Group USA, Inc. ("Schaeffler"), and Gelco Corporation ("Gelco") (hereinafter collectively referred to as "the defendants") separately petition this Court for writs of mandamus directing the Hale Circuit Court to vacate its order denying the defendants' motions for a change of venue and to enter an order transferring the action filed against the defendants by Barbara M. Hodge, as the administratrix of the estate of Katie-Elizabeth Hope Vann, and Sue Davis, as parent and next friend of Valorie Eicher, a minor, Tristan Eicher, a minor, and Cody Ballinger, a minor (hereinafter collectively referred to as "the plaintiffs"), to the Tuscaloosa Circuit Court. We grant the petitions and issue the writs.
Facts and Procedural History
On December 6, 2015, Valorie Eicher, a resident of Hale County, was driving a vehicle north on Interstate 59 through Tuscaloosa County. Katie-Elizabeth Hope Vann, Tristan Eicher, and Cody Ballinger, all also residents of Hale County, were passengers in the vehicle Valorie was driving. Jackson, an employee of Schaeffler and a resident of Tuscaloosa County, was also driving a vehicle, owned by Gelco, north on Interstate 59 in the lane next to the vehicle being driven by Valorie.
*529 Jackson made an improper lane change, which forced Valorie to drive her vehicle partially off the interstate. Valorie lost control of her vehicle as she attempted to drive the vehicle back onto the interstate. Ultimately, the vehicle Valorie was driving overturned and rolled approximately two and one-half times, ejecting all the occupants from the vehicle. All the occupants in the vehicle driven by Valorie sustained injuries; Vann died at the scene of the accident as a result of the injuries she incurred. Deandra Bland, a Mississippi resident, witnessed the accident.
Valorie, Tristan, and Ballinger were transported from the scene of the accident to DCH Regional Medical Center, which is located in Tuscaloosa County, by NorthStar EMS, Inc. ("NorthStar"), which has its principal place of business in Tuscaloosa County. Bradley Bible, Susan Gault, and Tyler Kelley, employees of NorthStar, responded to the scene of the accident and helped in transporting Valorie, Tristan, and Ballinger to DCH Regional Medical Center; all live and work in Tuscaloosa County. Vann's body was transported to the Alabama Department of Forensic Sciences' morgue, which is located in Tuscaloosa County.
Orlander Marbury and Jason Vice, Alabama State Troopers employed by the Alabama Law Enforcement Agency ("ALEA"), were two of the officers who investigated the accident. Vice's affidavit testimony indicates that he lives in Tuscaloosa County. Marbury's and Vice's affidavits state that "[a]ll of the State Troopers that investigated this accident are based out of the ALEA Post located in Tuscaloosa County, Alabama." Jamaine Isaac, a supervisor at the Tuscaloosa County ALEA post, indicated in his affidavit testimony that the State Troopers stationed at the Tuscaloosa County ALEA post "are assigned to cover and investigate incidents and accidents in several counties." The parties have not directed this Court's attention to any evidence indicating that the State Troopers stationed at the Tuscaloosa County ALEA post do any work in Hale County.
At the time of the accident, Midsouth was performing construction work in an area on Interstate 59 in Tuscaloosa County that encompassed the scene of the accident. Michael Patterson and Bret Thornton are employed by Midsouth; they were the managers of the Midsouth construction project in Tuscaloosa County. Patterson resides in Tuscaloosa County. Patterson's and Thornton's affidavits state that "[a]ll physical evidence [they are] aware of relating to this accident is located in Tuscaloosa County."
Midsouth, USAA, and Schaeffler also conducted business in Hale County unrelated to the work Midsouth was conducting in Tuscaloosa County at the scene of the accident.
On May 15, 2016, the plaintiffs sued the defendants in the Hale Circuit Court. Subsequently, all the defendants filed motions for a change of venue, arguing that the doctrine of forum non conveniens necessitated the transfer of the case from the Hale Circuit Court to the Tuscaloosa Circuit Court. On September 20, 2016, the plaintiffs filed a response to the defendants' motions for a change of venue.
On February 22, 2017, the Hale Circuit Court entered the following order denying the defendants' motions for a change of venue:
"This matter comes before the court on the various motions to transfer this case from the Circuit Court of Hale County, Alabama, to the Circuit Court of Tuscaloosa County, Alabama. No party has raised or challenged the propriety of venue in Hale County, and the court finds that Hale County, Alabama, is a *530 proper venue for this case. The only issue raised for consideration within the pending motions is a transfer of venue pursuant to the doctrine of forum non conveniens.
"The ... defendants filed separate motions to transfer venue on forum non conveniens grounds, and the plaintiffs filed a consolidated response to those motions on September 20, 2016. Defendant Mid-South Paving filed a motion to strike addressing various evidentiary submissions filed with the plaintiffs' response brief. The plaintiffs were granted leave to respond to the motion to strike and filed their response and accompanying submissions on January 31, 2017. Upon consideration of those written submissions, as well as the oral arguments made to the court on the motions to transfer, the court finds that the defendants did not establish that Tuscaloosa County is significantly more convenient than Hale County for the litigation of this case, nor have the defendants established that the interests of justice warrant a transfer to Tuscaloosa County. Accordingly, the court hereby DENIES the defendants' motions to transfer this matter to Tuscaloosa County on the grounds of forum non conveniens."
(Capitalization in original.)
Standard of Review
" 'The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala. 1986). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995).' "
Ex parte Southeast Alabama Timber Harvesting, LLC, 94 So.3d 371, 373 (Ala. 2012) (quoting Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala. 1998) ).
Discussion
The defendants argue that the Hale Circuit Court exceeded its discretion in denying their motions for a change of venue. The defendants argue that the action should be transferred to the Tuscaloosa Circuit Court under Alabama's forum non conveniens statute, § 6-3-21.1(a), Ala. Code 1975.
Section 6-3-21.1(a) states, in pertinent part:
"With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
This Court explained the application of § 6-3-21.1(a) in Ex parte Tier 1 Trucking, LLC, 222 So.3d 1107, 1112-13 (Ala. 2016):
*531 "[C]oncerning whether an action should be transferred under § 6-3-21.1, this Court has stated:
" ' "A party moving for a transfer under § 6-3-21.1 has the initial burden of showing, among other things, one of two factors: (1) that the transfer is justified based on the convenience of either the parties or the witnesses, or (2) that the transfer is justified 'in the interest of justice.' " Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 539 (Ala. 2008). Although we review a ruling on a motion to transfer to determine whether the trial court exceeded its discretion in granting or denying the motion, id., where "the convenience of the parties and witnesses or the interest of justice would be best served by a transfer, § 6-3-21.1, Ala. Code 1975, compels the trial court to transfer the action to the alternative forum." Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 912 (Ala. 2008) (emphasis added).'
" Ex parte Wachovia Bank, N.A., 77 So.3d 570, 573 (Ala. 2011).
" ' "The purpose of the doctrine of forum non conveniens is to 'prevent the waste of time, energy, and money and also to protect witnesses, litigants, and the public against unnecessary expense and inconvenience.' " Ex parte Perfection Siding, Inc., 882 So.2d 307, 312 (Ala. 2003) (quoting Ex parte New England Mut. Life Ins. Co., 663 So.2d 952, 956 (Ala. 1995) ). We note that "litigation should be handled in the forum where the injury occurred" and that "one of the fundamental purposes of the doctrine of forum non conveniens is to spare witnesses the unnecessary inconvenience associated with testifying in a distant forum." Ex parte Sawyer, 892 So.2d 898, 904 (Ala. 2004).'
" Ex parte Kane, 989 So.2d 509, 512 (Ala. 2008).
" ' "The 'interest of justice' prong of § 6-3-21.1 requires 'the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action.' Ex parte National Sec. Ins. Co., 727 So.2d [788,] 790 [ (Ala. 1998) ]. Therefore, 'in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the "nexus" or "connection" between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action.' Ex parte First Tennessee Bank Nat'l Ass'n, 994 So.2d 906, 911 (Ala. 2008). Additionally, this Court has held that 'litigation should be handled in the forum where the injury occurred.' Ex parte Fuller, 955 So.2d 414, 416 (Ala. 2006). Further, in examining whether it is in the interest of justice to transfer a case, we consider 'the burden of piling court services and resources upon the people of a county that is not affected by the case and ... the interest of the people of a county to have a case that arises in their county tried close to public view in their county.' Ex parte Smiths Water & Sewer Auth., 982 So.2d 484, 490 (Ala. 2007)." '
" Ex parte Quality Carriers, Inc., 183 So.3d 937, 942 (Ala. 2015) (quoting Ex parte Indiana Mills & Mfg., Inc., 10 So.3d 536, 540 (Ala. 2008) ).
" 'Although it is not a talisman, the fact that the injury occurred in the proposed transferee county is often assigned considerable weight in an interest-of-justice analysis. See Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745, 748 (Ala. 2010)
*532 (" '[T]his Court has held that "litigation should be handled in the forum where the injury occurred." ' " (quoting Ex parte Indiana Mills, 10 So.3d at 540 )); Ex parte McKenzie Oil, Inc., 13 So.3d 346, 349 (Ala. 2008) (same).'
" Ex parte Wachovia, 77 So.3d at 573-74."
The defendants argue that this action should be transferred under either the convenience or the interest-of-justice prong of § 6-3-21.1. However, the defendants' primary argument is that the interest-of-justice prong of § 6-3-21.1 necessitates the transfer of this case from the Hale Circuit Court to the Tuscaloosa Circuit Court. In so arguing, the defendants rely primarily upon Ex parte Tier 1, supra.
The facts considered by this Court in Ex parte Tier 1 are remarkably similar to those presented in the present case. In Ex parte Tier 1, a vehicle driven by Jimmy Lee Mixon, a resident of Wilcox County, collided with a tractor-trailer owned by Tier 1 Trucking, LLC ("Tier 1"), and driven by a Tier 1 employee, who was a resident of Conecuh County; the accident occurred in Conecuh County. Mixon was transported by a company located in Conecuh County to a medical facility located in Conecuh County to receive medical treatment for the injuries he sustained in the accident. The accident was investigated by a local law-enforcement agency located in Conecuh County. Tier 1 conducted some business in Wilcox County, but its principal office was located in Florida.
Mixon and his wife sued Tier 1 and its employee in the Wilcox Circuit Court. Tier 1 and the employee filed a motion to transfer the action from the Wilcox Circuit Court to the Conecuh Circuit Court under § 6-3-21.1(a). The Wilcox Circuit Court denied the motion to transfer. Tier 1 and the employee then petitioned this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its order denying the motion for a change of venue and to enter an order transferring the action to the Conecuh Circuit Court.
In granting Tier 1 and the employee's petition and issuing the requested writ, this Court provided the following commentary on Alabama law pertaining to the interest-of-justice prong:
"On multiple occasions, this Court has found that a venue where the accident occurred, where a party resides, and where other witnesses reside has a much stronger connection to the action than a venue where the only connection with the action is that a party resides there and a defendant does some business there. See, e.g., Ex parte Kane, 989 So.2d 509, 513 (Ala. 2008) (requiring transfer of a personal-injury action for 'both the convenience of the parties and witnesses and the interest of justice' from a venue where the plaintiff resided and where the defendant automobile-liability insurer had done some business to a venue where the accident occurred and where the alleged tortfeasor, the investigating officer, and all the other witnesses that had been identified resided); Ex parte Wayne Farms, LLC, 210 So.3d 586 (Ala. 2016) (holding that the interest of justice required transfer of a personal-injury action from a venue where an individual defendant resided and where the corporate defendant did some business to a venue where the accident occurred, where the plaintiffs resided, where most of the emergency personnel who responded to accident were located, where one plaintiff received medical treatment, and where all interactions and business transactions between the corporate defendant and the plaintiffs occurred); Ex parte Autauga Heating & Cooling, LLC, 58 So.3d 745 (Ala. 2010) (holding that the interest of justice required *533 transfer of a personal-injury action from a venue where one of the defendants resided and where the corporate defendant 'may have some business connections' to a venue where the accident occurred, where the plaintiff resided, and where the emergency medical technician who responded to the accident resided).
"On one occasion, in Ex parte J & W Enterprises, 150 So.3d 190 (Ala. 2014), this Court held that, under the specific facts of that case, the interest-of-justice prong of the forum non conveniens statute did not warrant transfer to the venue where the accident occurred. However, in that particular case, unlike in the present case, none of the parties lived in the venue where the accident occurred, the injured plaintiff did not receive medical treatment in that venue, and no eyewitnesses were located in that venue. Furthermore, both defendants were located in the venue where the action was filed, and the plaintiff resided outside Alabama."
Ex parte Tier 1, 222 So.3d at 1113. This Court then provided the following analysis of the facts before it:
"In the present case, the only connections to Wilcox County are that [Mixon and his wife] reside there and that Tier 1 has conducted some business there that was not related to this action. The undisputed facts show that the accident occurred in Conecuh County, that one of the defendants resides in Conecuh County, and that law-enforcement personnel in Conecuh County carried out the investigation of the accident. Furthermore, there is evidence indicating that [Mixon] received medical treatment in Conecuh County. Under our prior decisions construing § 6-3-21.1, this Court gives great weight to the fact that the accident occurred in Conecuh County and to the fact that no material events occurred in Wilcox County. Further, other than [Mixon and his wife], no potential witnesses who reside in Wilcox County have been identified. ... Also, although the affidavit of the police officer who investigated the accident stated that it would not be inconvenient for him to travel to Wilcox County, he is employed by a local police department located in Conecuh County that is tasked with serving the people of Conecuh County, and his investigation occurred in Conecuh County."
222 So.3d at 1113-14. Based on the above analysis, this Court concluded:
"There is no reason to burden the people of Wilcox County with the use of their court services and other resources for a case that predominately affects another county, and we recognize the interest of the people of Conecuh County to have a case that arose in their county tried close to public view in their county. Wilcox County, with its weak connection to the case, should not be burdened with an action that arose in Conecuh County, with its strong connection to the case, simply because the plaintiffs reside in Wilcox County and the corporate defendant has done some business there. See Ex parte Autauga Heating & Cooling, 58 So.3d at 750 (stating that '[t]his Court sees no need to burden Montgomery County, with its weak connection to the case, with an action that arose in Elmore County simply because the individual defendant resides in Montgomery County and the corporate defendant does some business there'). Therefore, under § 6-3-21.1, the trial court is compelled to transfer the case to Conecuh County. See, e.g., Ex parte Wachovia, 77 So.3d at 573."
222 So.3d at 1113-14.
The present case presents a similar factual scenario to the one presented in *534 Ex parte Tier 1. Tuscaloosa County has a strong connection to this case. Most significantly, the accident, which resulted in Vann's death and injuries to Valorie, Tristan, and Ballinger, occurred in Tuscaloosa County. Vann's body was transported to a morgue located in Tuscaloosa County. Valorie, Tristan, and Ballinger received medical care in Tuscaloosa County for injuries sustained in the accident. The parties have not directed this Court's attention to any evidence indicating that Valorie, Tristan, or Ballinger received medical treatment in Hale County. The NorthStar medical workers who transported Valorie, Tristan, and Ballinger from the scene of the accident to DCH Regional Medical Center all live and work in Tuscaloosa County. NorthStar has its principal place of business in Tuscaloosa County.[1] Although the officers who investigated the scene of the accident are employed by ALEA, a State agency, they are stationed at an ALEA post located in Tuscaloosa County. One of the investigating officers resides in Tuscaloosa County; the parties have not directed this Court's attention to any evidence indicating that any of the investigating officers reside in Hale County. Although some of the defendants have conducted business in Hale County, that business is unrelated to the facts of this case. One of Midsouth's managers over the Midsouth construction project that encompassed the scene of the accident resides in Tuscaloosa County and works in Tuscaloosa County daily.
Hale County has a weak connection to this case. Its only connections to this case are that the plaintiffs reside in Hale County and that some of the defendants have done business there unrelated to this case.
As stated in Ex parte Tier 1:
"There is no reason to burden the people of [Hale] County with the use of their court services and other resources for a case that predominately affects another county, and we recognize the interest of the people of [Tuscaloosa] County to have a case that arose in their county tried close to public view in their county. [Hale] County, with its weak connection to the case, should not be burdened with an action that arose in [Tuscaloosa] County, with its strong connection to the case, simply because the plaintiffs reside in [Hale] County and [some of] the ... defendant[s] ha[ve] done some business there."
222 So.3d at 1114. Accordingly, based on the reasoning and authorities set forth in Ex parte Tier 1, under § 6-3-21.1, the Hale Circuit Court is compelled to transfer the case to the Tuscaloosa Circuit Court.
We note that the plaintiffs argue that Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala. 1998), prevents the Hale Circuit Court from transferring the case to the Tuscaloosa Circuit Court. The portion of Ex parte First Family relied upon by the plaintiffs states: " '[W]hen the trial judge determines that a plaintiff is guilty of "forum shopping" and that the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the statute provides that the trial court "shall" transfer the cause.' " 718 So.2d at 660 (quoting Ex parte Gauntt, 677 So.2d 204, 221 (Ala. 1996) (Maddox, J., dissenting)). The plaintiffs appear to argue *535 that, in order to have the case transferred under the interest-of-justice prong, the defendants are required to demonstrate that the plaintiffs had engaged in forum shopping and "that litigation of this matter in Hale County would inappropriately or adversely affect Hale County's legal or administrative process." The plaintiffs argue that the defendants failed to demonstrate either.
However, in Ex parte First Tennessee Bank National Ass'n, 994 So.2d 906, 911 (Ala. 2008), this Court discounted the notion that a trial court's use of the interest-of-justice prong under § 6-3-21.1 first requires a finding that the plaintiff engaged in forum shopping. This Court stated:
"[N]othing in [Ex parte] First Family [Financial Services, Inc., 718 So. 2d 658 (Ala. 1998),] limits a trial court's use of the interest-of-justice prong under § 6-3-21.1, Ala. Code 1975, to instances in which the trial court determines that a plaintiff has engaged in forum shopping. Instead, it appears from our caselaw that in analyzing the interest-of-justice prong of § 6-3-21.1, this Court focuses on whether the 'nexus' or 'connection' between the plaintiff's action and the original forum is strong enough to warrant burdening the plaintiff's forum with the action. See Ex parte Kane, 989 So.2d [509,] 512 [ (Ala. 2008) ] (' "[T]he 'interest of justice' require[s] the transfer of the action from a county with little, if any, connection to the action, to the county with a strong connection to the action." ' (quoting [Ex parte] National Sec. Ins. Co., 727 So. 2d [788,] 790 [ (Ala. 1998) ] ) ). See also Ex parte Independent Life & Accident Ins. Co., 725 So.2d 955, 957 (Ala. 1998) ('From what is before this Court, therefore, it appears that this case has no nexus with Lowndes County that would justify burdening that county with the trial of this case.'). In this case, [the defendant] moved the Jefferson Circuit Court to transfer the action under § 6-3-21.1 on the basis that the interest of justice warranted the transfer; thus, the court rightly applied the 'nexus' or 'connection' analysis.''
As did the Court in Ex parte First Tennessee Bank, we have applied the nexus or connection analysis and determined that the Hale Circuit Court exceeded its discretion in denying the defendants' request to transfer the action to the Tuscaloosa Circuit Court. The plaintiffs' argument that the defendants must demonstrate that the plaintiffs engaged in forum shopping and that litigation of this matter in the Hale Circuit Court would inappropriately or adversely affect the Hale Circuit Court's legal or administrative process is without merit.
Lastly, we note that the defendants also argue that the transfer of this case from the Hale Circuit Court to the Tuscaloosa Circuit Court is justified based on the convenience of the parties and the witnesses. We pretermit discussion of that argument based on our conclusion that the transfer is required under the interest-of-justice prong of § 6-3-21.1.
Conclusion
The defendants have demonstrated a clear legal right to writs of mandamus directing the Hale Circuit Court to vacate its order denying the defendants' motions for a change of venue and to enter an order transferring this action to the Tuscaloosa Circuit Court.
1160504-PETITION GRANTED; WRIT ISSUED.
1160505-PETITION GRANTED; WRIT ISSUED.
1160517-PETITION GRANTED; WRIT ISSUED.
*536 1160563-PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Shaw, Wise, and Bryan, JJ., concur.
Main and Sellers, JJ., concur in the result.

We note that the plaintiffs argue that "Tuscaloosa County did not employ or pay for the services and resources provided by" NorthStar. The plaintiffs' assertion is based solely on the fact that NorthStar is a private company. Nevertheless, the plaintiffs have not directed this Court's attention to any evidence supporting their assertion that Tuscaloosa County did not pay NorthStar for its services.